# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

Michael E. Kennedy,          *
33250 Old Ocean City Road     *
Parsonsburg, Maryland 21849   *
              Plaintiff,   *
    *
       v.                 *   **Civil Action No.**    **JKB12CV2659**
    *
NCO Group, Inc., 507 Prudential Road,  Horsham, *
Pennsylvania 19044-2308; and NCO Financial *
Systems, 507 Prudential Road, Horsham, *
Pennsylvania 19044-2308,            *   _____FILED  _____ENTERED
    *                    _____LODGED _____RECEIVED
              Defendants.   *
                                     SEP 0 6 2012

               **COMPLAINT**    AT BALTIMORE
                          CLERK U.S. DISTRICT COURT
                    BY    DISTRICT OF MARYLAND   DEPUTY

## I.    Jurisdiction in this case is based on:

[ XX ] Federal question (suit is based upon a federal statute or provision of the United States Constitution).

[ XX ] Diversity (none of the defendants are residents of the state where plaintiff is a resident).

[ XX ] Other (explain) _Telephone Consumer Protection Act ("TCPA") of 1991_; the _Fair Debt Collection Practices Act ("FDCPA") of 1977_; State of _Maryland Consumer Debt Collection Act ("MCDCA")_; and State of _Maryland  Telephone Consumer Protection Act ("MTCPA")_.

## A.    Introduction.

The Plaintiff, Michael E. Kennedy, brings this action under the _Telephone Consumer Protection Act_ ("TCPA") of 1991, 47 U.S.C. § 227;  the _Fair Debt Collection Practices Act ("FDCPA") of 1977, 15 U.S.C. § 1692 et seq._; the State of _Maryland Consumer Debt Collection Act_ ("MCDCA"), _Md. Commercial Law Code Ann. §§ 14-201_ and _13-410_ (2012); and the State of _Maryland  Telephone Consumer Protection Act_ ("MTCPA"), _Md. Commercial Law Code Ann. §§ 14-3201_ and _14-3202_ (2012), to obtain monetary civil penalties and injunctive or other relief for defendants' violations of the _FDCPA,  MCDCA, MTCPA_, and the _TCPA Act_.

**B.    Jurisdiction and Venue.**

(1.)    This Court has jurisdiction over this matter under *28 U.S.C. §§ 1331, 1337(a), 1345*, and *1352*.

(2.)    Venue is proper in the United States District Court for the District of Maryland under *28 U.S.C. §§ 1391(b) - (c)* and *1395(a)*.

(3.)    Plaintiff further invokes the pendent jurisdiction of this Court.

**B.    Parties.**

(1.)    The Plaintiff in this action is Michael Edward Kennedy, who presently resides at 33250 Old Ocean City Road, Parsonsburg, Maryland 21849.

(2.)    The Defendants in this action are:

(A.)    Defendant NCO Group, Inc., is a for-profit corporation organized, existing, and doing business under the laws of the State of Pennsylvania. Its principal place of business is located at 507 Prudential Road, Horsham, Pennsylvania 19044. At all times relevant to this complaint, Defendant NCO Group, Inc., has transacted business in this district.

(B.)    Defendant NCO Financial Systems, Inc., is a for-profit Pennsylvania corporation with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.  At all times relevant to this complaint, Defendant NCO Financial Systems, Inc., has transacted business in this district.

**C.    The Complaint In This Matter Is Timely Filed.**

The statute of limitations for filing a *Telephone Consumer Protection Act* ("*TCPA*"), *Fair Debt Collection Practices Act* ("*FDCPA*"), *Maryland Consumer Debt Collection Act* ("*MCDCA*"), or *Maryland Telephone Consumer Protection Act* ("*MTCPA*") action in accordance with the state laws of Maryland for a comparable civil action is two-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. The material documents and factual evidence supporting the instant action became known to Mr. Kennedy in late October of 2011. The Complaint in this matter is therefore timely filed.

**D.    Trial Demand.**

The Plaintiff in the above-captioned complaint, Michael E. Kennedy, demands a trial by jury in this matter.

## II.                        Statement of the Case

The Plaintiff in this matter brings suit under the *Telephone Consumer Protection Act* ("*TCPA*") *of 1991, 47 U.S.C.  §227*; the *Fair Debt Collection Practices Act ("FDCPA") of 1977, 15 U.S.C. § 1692 et seq.*; the *Maryland Consumer Debt Collection Act* ("*MCDCA*"), *Md. Commercial Law Code Ann. §§ 14-201* and *13-410* (2012); and the *Maryland Telephone Consumer Protection Act* ("*MTCPA*"), *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012), relative to Defendants violations of the foregoing federal and state statues from the period commencing on or about October 27th, 2011 to the present.

## IV.                       Factual Introduction

(1.)    Defendant NCO Group, Inc., dominates or controls the operations of Defendant NCO Financial Systems, Inc.

(2.)    Defendant NCO Financial Systems, Inc., is a "debt collector" as that term is defined in Section 803 (6) of the *FDCPA, 15 U.S.C. § 1692a(6).*  As part of its debt collection activities, defendant utilizes both automated and non-automated telephone dialing systems as a means of contacting individuals.  As such, defendant is subject to Section 227 of the *TCPA, 47 U.S.C. §227*, which imposes a series of duties and prohibitions upon any person or entity that utilizes such automatic telephone dialing systems which has the capacity to store or produce telephone numbers to be called, using some form of random, sequential, or other type of number generator to dial such numbers.

(3.)    Defendant NCO Financial Systems, Inc. ("*NCO*"), is a "debt collector" as that term is defined in Section 201 (b) of the *MCDCA*"), *Md. Commercial Law Code Ann. § 14-201*. As part of its debt collection activities, defendant utilizes both automated and non-automated telephone dialing systems as a means of contacting individuals.  As such, defendant is subject to Section 3201 (2) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202*, which imposes a series of duties and prohibitions upon any person or entity that utilizes such automatic telephone dialing systems which has the capacity to store or produce telephone numbers to be called, using some form of random, sequential, or other type of number generator to dial such numbers.

(4.)    Defendant NCO Financial Systems, Inc., is a "debt collector" as that term is defined in Section 803 (6) of the *FDCPA, 15 U.S.C. § 1692a(6).*  As part of its debt collection activities, defendant initiates and attempts to establish contact with alleged debtors.  As such,

defendant is specifically subject to Section 805, Section 806, Section 809, and Section 813 of the *FDCPA*, *15 U.S.C. § 1692, et seq.*

(5.)     Defendant NCO Financial Systems, Inc., is a "debt collector" as that term is defined by Subsection 201 (b) of *Md. Commercial Law Code Ann. § 14-201 (2012).*   As part of its debt collection activities, defendant initiates and attempts to establish contact with alleged debtors.   As such, defendant is specifically subject to Section 14-202 of the *MCDCA*, *Md. Commercial Law Code Ann. §§ 14-201* and *14-202 (2012).*

(6.)     Defendant NCO collects, and attempts to collect, debts incurred, or alleged to have been incurred and owed to third parties, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

(7.)     When NCO acts as a "debt collector" as defined by *15 U.S.C. § 1692a(6),* its debt collection efforts may be regulated under certain provisions of the *FDCPA.*

(8.)     When NCO acts as a "debt collector" as defined by *Md. Commercial Law Code Ann. § 14-201 Section 201(b)*, its debt collection efforts may be regulated under certain provisions of the *MCDCA.*

(9.)     When NCO utilizes both automated and non-automated telephone dialing systems, as defined by *47 U.S.C. §227*, as a means of contacting individuals in its debt collection efforts, its use of such systems may be regulated under certain provisions of the *TCPA.*

(10.)     When NCO utilizes both automated and non-automated telephone dialing systems, as defined by Section 3201 (2), *Md. Commercial Law Code Ann. § 14-3201,* as a means of contacting individuals in its debt collection efforts, its use of such systems may be regulated under certain provisions of the *MTCPA.*

(11.)     Plaintiff does not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* as in effect on January 1st, 2003, with Defendant NCO Group, Inc., Horsham, Pennsylvania 19044.

(12.)     Plaintiff does not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* as in effect on January 1st, 2003, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044.

(13.)     Plaintiff is a natural person as that term is defined by Section 14-201(d) of the *MCDCA, Md. Commercial Law Code Ann. § 14-201 (2012).*

(14.)   Plaintiff is a natural person residing in the town of Parsonsburg, Wicomico County, Maryland.

(15 .)   Plaintiff is a consumer as that term is defined by Section 803 (3) of the *FDCPA*, *15 U.S.C. § 1692(a)*.

(16.)   Plaintiff is a consumer and, according to Defendants, allegedly owes a debt as that term is defined by Section 803 (5) of the *FDCPA*, *15 U.S.C. § 1692(a)*.

**The Fair Debt Collection Practices Act**

(17.)   The *FDCPA* was enacted in 1978 as Title VIII of the Consumer Credit Protection Act and became effective in March 1978, and has been in force since that date.  Although the *FDCPA* was amended by Congress in 1996, Section 805, Section 806, Section 807, and Section 813 have remained relatively unchanged since its enactment.

**Violations of the Fair Debt Collection Practices Act**

(18.)   Section 805 of the *FDCPA*, *15 U.S.C. § 1692(c)*, specifically proscribes that if a debt collector is notified by a consumer in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  A debt collector who has received such written notification from a consumer to provide validation of the debt and cease further communication with the consumer, and fails to either provide such validation within five-days, or continues its attempts to contact the consumer, is in  violation of Section 805(c).

(19.)   Section 806 of the *FDCPA*, *15 U.S.C. § 1692(d)*, specifically proscribes a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  The causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, is in violation of  Section 806 (5).

(20.)   Section 807 (10) of the *FDCPA*, *15 U.S.C. § 1692(e)*, specifically prohibits using a false Caller ID to conceal an identity.  The use of a false Caller ID by a debt collector to conceal its identity,  is in violation of Section 807 (10).

(21.)   In the course of its business, Defendant(s) failed to comply with the requirements of Section 809 (a) in that, within five (5) days after receiving Plaintiff's initial communication, it failed to prove validation of a debt owed by Plaintiff.

(22.)   In the course of its business, Defendant(s) failed to comply with the requirements of Section 805 (c) in that, after receiving Plaintiff's notification to cease communication, it continued calling Plaintiff utilizing an automated dialing system and leaving pre-recorded messages on Plaintiff's voicemail system.

(23.)   In the course of its business, Defendant(s) failed to comply with the requirements of Section 806 (5) in that, not having an established business relationship with Plaintiff, Defendant(s) utilized an automated dialing system to cause Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

(24.)   In the course of its business, Defendant(s) failed to comply with the requirements of Section 807 (10) in that Defendant(s) utilized a false Caller ID to conceal its true identity when utilizing an automated dialing system to cause Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

**Civil Penalties and Injunctive Relief for Violations of the *FDCPA***

(25.)   Defendant(s) have violated the *FDCPA* as described above, with actual knowledge or knowledge fairly implied, on the basis of objective circumstances, as set forth in Section 805, Section 806, Section 810, and Section 809 of the *FDCPA, 15 U.S.C. § 1692, et seq.*

(26.)   Section 813 (a)(2) of the *FDCPA, 15 U.S.C. § 1692(k)*, authorizes the Court to award monetary civil penalties of not more than $1,000 per violation of any provision of *FDCPA, 15 U.S.C. § 1692 et seq.*

(27.)   Each instance in which Defendant(s) contacted Plaintiff after May 24th, 2012, the date by which Defendant(s) acknowledges as having received Plaintiff's notification to cease communication, constitutes a new and separate intentional violation of the *FDCPA* for which Plaintiff seeks additional monetary civil penalties as prescribed under Section 813 (a)(2) of the *FDCPA, 15 U.S.C. § 1692(k).*

(28.)   Defendant(s) have continued to violate the *FDCPA* as described above, after receiving Plaintiff's cease and desist letter, and with actual knowledge or knowledge fairly implied, on the basis of objective circumstances, as set forth in *15 U.S.C. § 1692, et seq.*.

**The Telephone Consumer Protection Act**

(29.)   The *TCPA* was enacted in 1991 as an amendment to the Communications Act of 1934, and went into effect on December 20th, 1992.   Although the *TCPA* was amended by

Congress in 1994, Section 227 (b)(1)(B), which prohibits calls made without prior consent to a residence using an artificial or prerecorded voice to deliver a message, remains unchanged since the *TCPA's* enactment.

**Violations of the Telephone Consumer Protection Act**

(30.)   Section 227 (b) of the *TCPA, 47 U.S.C. § 227,* specifically restricts the use of automated telephone equipment by any person within or outside the United States, if the recipient is within the United States, to make any call, using any automatic telephone dialing system to initiate any telephone call, to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

(31.)   Plaintiff did not give Defendant prior express consent to call Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message at any time during the events described in this complaint.

(32.)   Plaintiff did receive more than one telephone call within any 12-month period to his residential telephone line, made by the Defendant(s), utilizing an automatic telephone dialing system to initiate the calls and deliver artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system during the events described in this complaint.

(33.)   Defendant(s) violated Section 227 (b) of the *TCPA, 47 U.S.C. § 227,* by use of an automatic telephone dialing system to initiate calls to Plaintiff's residential telephone line and deliver artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system during the events described in this complaint.

**Civil Penalties and Injunctive Relief for Violations of the *TCPA***

(34.)   Section 227 (c)(5) of the *TCPA, 47 U.S.C. § 227,* provides that a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws of the court of a state bring in an appropriate court of that State a private right of action.

(35.)   Section 227 (B)(3)(A) of the *TCPA, 47 U.S.C. § 227,* specifically provides a private right of action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

(36.)   Section 227 (B)(3)(B) of the *TCPA*, *47 U.S.C. § 227,* specifically provides for the recovery of actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.

(37.)   Section 227(B)(3)(C) of the *TCPA*, *47 U.S.C. § 227,* specifically provides that, if the court finds that the defendant willfully or knowingly violated any  subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(38.)   The Supreme Court has since recognized in *Mims v. Arrow Financial Services, LLC.,* (No. 10-1195, Argued November 28, 2011—Decided January 18, 2012), that the *TCPA*'s permissive grant of jurisdiction to state courts does not deprive the U. S. district courts of federal-question jurisdiction over private *TCPA* suits.

**The Maryland Consumer Debt Collection Act**

(39.)   The *MCDCA* was initially enacted by the Maryland State legislature in 1957 under § 167 of Article 83, and later amended in 1975 and 2010 to protect consumers from abusive debt collection practices.

**Violations of the Maryland Consumer Debt Collection Act**

(40.)   Section 14-202 (6) of the *MCDCA, Md. Commercial Law Code Ann. § 14-202* (2012), specifically prohibits a debt collector from communicating with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor collecting or attempting to collect an alleged debt.

**Civil Penalties and Injunctive Relief for Violations of the *MCDCA***

(41.)   Section 14-203 of the *MCDCA, Md. Commercial Law Code Ann. § 14-203* (2012), imposes a liability for damages to a  collector who violates any provision of this subtitle, proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

(42.)   Section 13-403 (c)(1) of the *MCDCA, Md. Commercial Law Code Ann. § 13-403* provides for injunctive relief  by means of a cease and desist order issued by the court to enter any judgment necessary to prevent the use by a person of any prohibited practice as defined in Section 14-202 of the *MCDCA, Md. Commercial Law Code Ann. § 14-201* (2012).

(43.)   Section 13-408 (a) of the *MCDCA, Md. Commercial Law Code Ann. § 13-408* authorizes in addition to any action by the Attorney General, and any other action otherwise authorized by law, any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title.

(44.)   Section 13-410 (a) of the *MCDCA, Md. Commercial Law Code Ann. § 13-410* specifically provides for a first violation that a merchant who engages in a violation of this title is subject to a fine of not more than $ 1,000 for each violation.

(45.)   Section 13-410 (b) of the *MCDCA, Md. Commercial Law Code Ann. § 13-410* specifically provides that a merchant who has been found to have engaged in a violation of this title and who subsequently repeats the same violation is subject to a fine of not more than $ 5,000 for each subsequent violation.

(46.)   Section 14-3202 (a) of the *MCDCA, Md. Commercial Law Code Ann. § 14-3202* provides that a violation of this subtitle is deemed an unfair or deceptive trade practice within the meaning of Title 13 of this article and is subject to the enforcement and penalty provisions contained in Title 13 of this article.

(47.)   Defendant has violated the *MCDCA* as described above, with actual knowledge or knowledge fairly implied, on the basis of objective circumstances, as set forth in Section 14-202 (6) of the *MCDCA, Md. Commercial Law Code Ann. § 14-202* (2012), by attempting to contact and communicate with the frequency, and in any other manner as reasonably can be expected, to abuse or harass the Plaintiff in attempting to collect an alleged debt.

**The Maryland Telephone Consumer Protection Act**

(48.)   The *MTCPA* was enacted by the Maryland State legislature in 2004 and became effective June 1st of that same year. The statute provisions have remained unchanged since their enactment.

**Violations of the Maryland Telephone Consumer Protection Act *MTCPA***

(49.)   Section 14-3201 (2) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3201* (2012) specifically provides that a person may not violate the Telephone Consumer Protection Act, *47 U.S.C. § 227*, as implemented by the Federal Communications Commission.

(50.)   Section 14-3202 (a) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) specifically provides that a violation of this subtitle is an unfair or deceptive trade practice

within the meaning of Title 13 of this article and is subject to the enforcement and penalty provisions contained in Title 13 of this article.

(51.)   In the course of its business, Defendant(s) failed to comply with the requirements of Section 806 (5) of the *TCPA* in that, not having an established business relationship with Plaintiff, Defendant(s) utilized an automated dialing system to cause Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

(52.)   As set forth in Section 14-3202 (2), Defendant(s) violated the *MTCPA* as described above, with actual knowledge or knowledge fairly implied, on the basis of objective circumstances,  by its violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227.*

**Civil Penalties and Injunctive Relief for Violations of the *MTCPA***

(53.)   Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012)  specifically provides that, in addition to the remedies provided in § 13-408 of this article, an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitle to recover $500.00 for each violation.

(54.)   Section 14-3202 (c) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012)  specifically provides that, for the purposes of this section, each prohibited telephone solicitation and each prohibited practice during a telephone solicitation is a separate violation.

(55.)   Plaintiff is entitled to a private right of action against defendants as he is a person who has received more than one telephone call within any 12-month period by or on behalf of the same defendant entity in violation of the regulations prescribed under the subsections contained in *47 U.S.C. § 227* of the *TCPA* and may, if otherwise permitted by the laws or rules of court of a State bring in the appropriate court of that State: (a) an action based on a violation of the regulations prescribed under *47 U.S.C. § 227* to enjoin such violation; or (b)  an action to recover for actual monetary loss from such a violation, or to receive up to $500.00 in statutory damages for each such violation, whichever is greater; or (c) both such actions.

(56.)   The court may, in its discretion, increase the amount of the award plaintiff is entitled to recover under the *TCPA*, to an amount equal to not more than 3 times the amount available under subparagraph (b) of paragraph 8 above, if the court so finds that the defendant(s) willfully or knowingly violated the regulations prescribed under *47 U.S.C. § 227.*

(57.)   Plaintiff is entitled to a private right of action against defendants as he is a person who has received more than one telephone call within any 12-month period by or on behalf of the same defendant entity in violation of the regulations prescribed under the subsections contained in *47 U.S.C. § 227* of the *TCPA* and may, if otherwise permitted by the laws or rules of court of a State bring in the appropriate court of that State: (a) an action based on a violation of the regulations prescribed under *47 U.S.C. § 227* to enjoin such violation; or (b)  an action to recover for actual monetary loss from such a violation, or to receive up to $500.00 in statutory damages for each such violation, whichever is greater; or (c) both such actions.

**V.**                                   **Statement of Facts.**

(58.)   In the course of its business, Defendant(s) NCO utilize telephone number 800-709-8625 to initiate its automated telephone dialing system and convey pre-recorded messages.

(59.)   In the course of its business, Defendant(s) NCO utilize telephone number 866-233-9291 to initiate its automated telephone dialing system and convey pre-recorded messages.

(60.)   In the course of its business, Defendant(s) NCO utilize telephone number 1215-442-8420 to initiate its automated telephone dialing system and convey pre-recorded messages.

(61.)   In the course of its business, when Defendant(s) NCO utilize telephone number 800-709-8625, it identifies the caller as "MCO Financial." A true photograph of Plaintiff's residential telephone Caller Identification is attached to this complaint as "Plaintiff's Exhibit - 1" to document Defendant(s) use of a false Caller ID to conceal its true identity.

(62.)   In the course of its business, during the period commencing on or about October 27th, 2011 to the present, Defendant left approximately six (6) variations of a pre-recorded message on Plaintiff's voicemail system.

(63.)   Variation # 1 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

> "This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please return the call to Jim Parks at 800-709-8625.  Again, that's Jim Parks at 800-709-8625.  Thank you.  NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose.  When calling please refer to your ID code 3P5TBO.  Thank You."

(64.)   Variation # 2 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

"This is an important message from NCO Financial Systems, a debt collection company and any information obtained will be used for that purpose. Please return the call to 1-800-709-8625. Again, that's 1-800-709-8625. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your ID code 3P5TBO. Thank you."

(65.)   Variation # 3 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

"This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Nicole Ervin at 800-709-8625. Again, that's Nicole Ervin at 800-709-8625. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose."

(66.)   Variation # 4 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

"This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and an information obtained will be used for that purpose. Please return the call to 1-866-233-9291. Again, that's 1-866-233-9291. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your ID code 3P5TBO."

(67.)   Variation # 5 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

"This is an important message from NCO Financial Systems, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to 1215-442-8420. Again, that's to 1215-442-8420. Thank you. NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. When calling please refer to your ID code 3P5TBO."

(68.)   Variation # 6 of Defendant NCO's pre-recorded message left on Plaintiff's voicemail system consisted of the following statements:

"This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to Anton Jefferson at 800-709-8625. Again, that's Anton Jefferson at 800-709-8625. Thank

you.  NCO Financial Systems is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose.  When calling please refer to your ID code 3P5TBO."

(69.)   Commencing on or about October 27th, 2011, at approximately 3:19 pm, Defendant NCO, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system.   The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(70.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:19 pm on October 27th, 2011.

(71.)   Defendant NCO's pre-recorded message left on Plaintiff's voicemail system on or about October 27th, 2011, at approximately 3:19 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(72.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about October 27th, 2011.

(73.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about October 27th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(74.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about October 27th, 2011, and served to proximately cause him emotional distress and mental anguish.

(75.)   On or about October 31st, 2011, at approximately 9:58 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system.   The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(76.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:58 am on October 31st, 2011.

(77.)   Defendant NCO's pre-recorded message left on Plaintiff's voicemail system on or about October 31st, 2011, at approximately 9:58 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(78.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about October 31st, 2011.

(79.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about October 31st, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(80.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about October 31st, 2011, and served to proximately cause him emotional distress and mental anguish.

(81.)   On or about November 2nd, 2011, at approximately 6:55 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(82.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*,  at approximately 6:55 pm on November 2nd, 2011.

(83.)   Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 2nd, 2011, at approximately 6:55 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(84.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 2nd, 2011.

(85.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 2nd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(86.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 2nd, 2011, and served to proximately cause him emotional distress and mental anguish.

(87.)   On or about November 3rd, 2011, at approximately 9:56 am,  Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(88.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:56 am on November 3rd, 2011.

(89.)   Defendant NCO's pre-recorded message left on Plaintiff's voicemail system on or about November 3rd, 2011, at approximately 9:56 am,  was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(90.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 3rd, 2011.

(91.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 3rd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(92.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 3rd, 2011, and served to proximately cause him emotional distress and mental anguish.

(93.)   On or about November 10th, 2011,  at approximately 11:43 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system.   The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(94.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*,   at approximately 11:43 am on November 10th, 2011.

(95.)   Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 10th, 2011, at approximately 11:43 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(96.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 10th, 2011.

(97.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 10th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(98.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 10th, 2011, and served to proximately cause him emotional distress and mental anguish.

(99.)   On or about November 11th, 2011, at approximately 2:07 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(100.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:07 pm on November 11th, 2011.

(101.)   Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 11th, 2011, at approximately 2:07 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(102.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November11th, 2011.

(103.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 11th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(104.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 11th, 2011, and served to proximately cause him emotional distress and mental anguish.

(105.) On or about November 14$^{th,}$ 2011, at approximately 2:20 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system.   The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(106.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:20 pm on November 14$^{th,}$ 2011.

(107.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 14$^{th,}$ 2011, at approximately 2:20 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(108.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 14th, 2011.

(109.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 14th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(110.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about

November 14th, 2011, and served to proximately cause him emotional distress and mental anguish.

(111.) On or about November 16th, 2011, at approximately 1:47 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(112.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:47 pm on November 16th, 2011.

(113.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 16th, 2011, at approximately 1:47 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(114.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 16th, 2011.

(115.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 16th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(116.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 16th, 2011, and served to proximately cause him emotional distress and mental anguish.

(117.) On or about November 17th, 2011, at approximately 6:31 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(118.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 6:31 pm on November 17th, 2011.

(119.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 17th, 2011, at approximately 6:31 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(120.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 17th, 2011.

(121.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 17th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(122.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 17th, 2011, and served to proximately cause him emotional distress and mental anguish.

(123.) On or about November 18th, 2011, at approximately 10:35 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(124.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:35 am on November 18th, 2011.

(125.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 18th, 2011, at approximately 10:35 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(126.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 18th, 2011.

(127.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 18th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(128.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 18th, 2011, and served to proximately cause him emotional distress and mental anguish.

(129.) On or about November 19th, 2011, at approximately 9:48 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(130.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:48 am on November 19th, 2011.

(131.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 19th, 2011, at approximately 9:48 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(132.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 19th, 2011.

(133.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 19th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(134.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 19th, 2011, and served to proximately cause him emotional distress and mental anguish.

(135.) On or about November 22nd, 2011, at approximately 6:23 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(136.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 6:23 pm on November 22nd, 2011.

(137.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 22nd, 2011, at approximately 6:23 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(138.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 22nd, 2011.

(139.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 22nd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(140.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 22nd, 2011, and served to proximately cause him emotional distress and mental anguish.

(141.) On or about November 23rd, 2011, at approximately 9:29 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(142.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:29 am on November 23rd, 2011.

(143.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 23rd, 2011, at approximately 9:29 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(144.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 23rd, 2011.

(145.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 23rd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(146.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 23rd, 2011, and served to proximately cause him emotional distress and mental anguish.

(147.)  On or about November 25th, 2011, at approximately 1:57 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(148.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:57 pm on November 25th, 2011.

(149.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 25th, 2011, at approximately 1:57 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(150.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 25th, 2011.

(151.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 25th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(152.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 25th, 2011, and served to proximately cause him emotional distress and mental anguish.

(153.)  On or about November 28th, 2011, at approximately 12:59 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(154.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:59 pm on November 28th, 2011.

(155.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 28th, 2011, at approximately 12:59 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(156.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 28th, 2011.

(157.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 28th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(158.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 28th, 2011, and served to proximately cause him emotional distress and mental anguish.

(159.)  On or about November 30th, 2011, at approximately 11:26 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(160.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:26 am on November 30th, 2011.

(161.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about November 30th, 2011, at approximately 11:26 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(162.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about November 30th, 2011.

(163.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about November 30th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(164.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about November 30th, 2011, and served to proximately cause him emotional distress and mental anguish.

(165.) On or about December 1st, 2011, at approximately 5:28 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(166.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 5:28 pm on December 1st, 2011.

(167.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 1st, 2011, at approximately 5:28 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(168.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 1st, 2011.

(169.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 1st, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(170.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 1st, 2011, and served to proximately cause him emotional distress and mental anguish.

(171.)  On or about December 2nd, 2011, at approximately 11:25 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(172.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:25 am on December 2nd, 2011.

(173.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 2nd, 2011, at approximately 11:25 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(174.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 2nd, 2011.

(175.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 2nd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(176.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 2nd, 2011, and served to proximately cause him emotional distress and mental anguish.

(177.)  On or about December 7th, 2011, at approximately 3:51 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(178.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:51 pm on December 7th, 2011.

(179.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 7th, 2011, at approximately 3:51 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(180.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 7th, 2011.

(181.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 7th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(182.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 7th, 2011, and served to proximately cause him emotional distress and mental anguish.

(183.)  On or about December 8th, 2011, at approximately 3:16 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(184.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:16 pm on December 8th, 2011.

(185.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 8th, 2011, at approximately 3:16 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(186.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 8th, 2011.

(187.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 8th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(188.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 8th, 2011, and served to proximately cause him emotional distress and mental anguish.

(189.) On or about December 9th, 2011, at approximately 3:50 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(190.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:50 pm on December 9th, 2011.

(191.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 9th, 2011, at approximately 3:50 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(192.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 9th, 2011.

(193.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 9th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(194.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 9th, 2011, and served to proximately cause him emotional distress and mental anguish.

(195.) On or about December 12th, 2011, at approximately 10:44 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(196.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:44 am on December 12th, 2011.

(197.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 12th, 2011, at approximately 10:44 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(198.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 12th, 2011.

(199.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 12th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(200.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 12th, 2011, and served to proximately cause him emotional distress and mental anguish.

(201.) On or about December 13th, 2011, at approximately 3:40 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(202.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:40 pm on December 13th, 2011.

(203.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 13th, 2011, at approximately 3:40 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(204.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 13th, 2011.

(205.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 13th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(206.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 13th, 2011, and served to proximately cause him emotional distress and mental anguish.

(207.) On or about December 14th, 2011, at approximately 7:00 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(208.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 7:00 pm on December 14th, 2011.

(209.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 14th, 2011, at approximately 7:00 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(210.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 14th, 2011.

(211.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 14th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(212.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 14th, 2011, and served to proximately cause him emotional distress and mental anguish.

(213.) On or about December 15th, 2011, at approximately 4:23 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(214.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 4:23 pm on December 15th, 2011.

(215.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 15th, 2011, at approximately 4:23 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(216.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 15th, 2011.

(217.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 15th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(218.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 15th, 2011, and served to proximately cause him emotional distress and mental anguish.

(219.) On or about December 16th, 2011, at approximately 2:32 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(220.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:32 pm on December 16th, 2011.

(221.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 16th, 2011, at approximately 2:32 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(222.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 16th, 2011.

(223.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 16th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(224.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 16th, 2011, and served to proximately cause him emotional distress and mental anguish.

(225.) On or about December 17th, 2011, at approximately 10:45 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(226.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:45 am on December 17th, 2011.

(227.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 17th, 2011, at approximately 10:45 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(228.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 17th, 2011.

(229.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 17th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(230.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 17th, 2011, and served to proximately cause him emotional distress and mental anguish.

(231.) On or about December 19th, 2011, at approximately 2:39 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(232.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:39 pm on December 19th, 2011.

(233.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 19th, 2011, at approximately 2:39 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(234.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 19th, 2011.

(235.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 9th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(236.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 19th, 2011, and served to proximately cause him emotional distress and mental anguish.

(237.) On or about December 20th, 2011, at approximately 2:13 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(238.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:13 pm on December 20th, 2011.

(239.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 20th, 2011, at approximately 2:13 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(240.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 20th, 2011.

(241.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 20th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(242.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 20th, 2011, and served to proximately cause him emotional distress and mental anguish.

(243.) On or about December 21st, 2011, at approximately 9:49 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(244.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:49 am on December 21st, 2011.

(245.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 21st, 2011, at approximately 9:49 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(246.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 21st, 2011.

(247.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 21st, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(248.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 21st, 2011, and served to proximately cause him emotional distress and mental anguish.

(249.) On or about December 22nd, 2011, at approximately 3:15 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(250.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:15 pm on December 22nd, 2011.

(251.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 22nd, 2011, at approximately 3:15 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(252.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 22nd, 2011.

(253.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 22nd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(254.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 22nd, 2011, and served to proximately cause him emotional distress and mental anguish.

(255.) On or about December 23rd, 2011, at approximately 1:18 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(256.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:18 pm on December 23rd, 2011.

(257.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 23rd, 2011, at approximately 1:18 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(258.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 23rd, 2011.

(259.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 23rd, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(260.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about

December 23rd, 2011, and served to proximately cause him emotional distress and mental anguish.

(261.) On or about December 27th, 2011, at approximately 1:30 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(262.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:30 pm on December 27th, 2011.

(263.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 27th, 2011, at approximately 1:30 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(264.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 27th, 2011.

(265.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 27th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(266.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 27th, 2011, and served to proximately cause him emotional distress and mental anguish.

(267.) On or about December 28th, 2011, at approximately 8:43 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(268.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately8:43 am on December 28th, 2011.

(269.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 28th, 2011, at approximately 8:43 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(270.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 28th, 2011.

(271.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 28th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(272.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 28th, 2011, and served to proximately cause him emotional distress and mental anguish.

(273.)  On or about December 29th, 2011, at approximately 11:43 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(274.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:43 am on December 29th, 2011.

(275.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 29th, 2011, at approximately 11:43 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(276.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 29th, 2011.

(277.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 29th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(278.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 29th, 2011, and served to proximately cause him emotional distress and mental anguish.

(279.) On or about December 30th, 2011, at approximately 2:19 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(280.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:19 pm on December 30th, 2011.

(281.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about December 30th, 2011, at approximately 2:19 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(282.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about December 30th, 2011.

(283.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about December 30th, 2011 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(284.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about December 30th, 2011, and served to proximately cause him emotional distress and mental anguish.

(285.) On or about January 3rd, 2012, at approximately 4:05 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(286.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 4:05 pm on January 3rd, 2012.

(287.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 3rd, 2012, at approximately 4:05 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(288.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 3rd, 2012.

(289.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 3rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(290.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 3rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(291.) On or about January 4th, 2012, at approximately 10:50 am, Defendant(s), acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(292.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:50 am on January 4th, 2012.

(293.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 4th, 2012, at approximately 10:50 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(294.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 4th, 2012.

(295.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 4th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(296.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 4th, 2012, and served to proximately cause him emotional distress and mental anguish.

(297.) On or about January 5th, 2012, at approximately 7:52 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(298.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 7:52 pm on January 5th, 2012.

(299.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 5th, 2012, at approximately 7:52 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(300.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 5th, 2012.

(301.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 5th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(302.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 5th, 2012, and served to proximately cause him emotional distress and mental anguish.

(303.) On or about January 6th, 2012, at approximately 2:06 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(304.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:06 pm on January 6th, 2012.

(305.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 6th, 2012, at approximately 2:06 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(306.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 6th, 2012.

(307.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 6th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(308.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 6th, 2012, and served to proximately cause him emotional distress and mental anguish.

(309.) On or about January 7th, 2012, at approximately 10:20 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(310.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:20 am on January 7th, 2012.

(311.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 7th, 2012, at approximately 10:20 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(312.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 7th, 2012.

(313.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 7th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(314.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 7th, 2012, and served to proximately cause him emotional distress and mental anguish.

(315.) On or about January 9th, 2012, at approximately 1:50 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(316.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:50 pm on January 9th, 2012.

(317.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 9th, 2012, at approximately 1:50 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(318.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 9th, 2012.

(319.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 9th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(320.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 9th, 2012, and served to proximately cause him emotional distress and mental anguish.

(321.)  On or about January 11th, 2012, at approximately 10:19 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(322.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:19 am on January 11th, 2012.

(323.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 11th, 2012, at approximately 10:19 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(324.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January11[th], 2012.

(325.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 11th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(326.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about, January 11th, 2012and served to proximately cause him emotional distress and mental anguish.

(327.)  On or about January 13th, 2012, at approximately 10:48am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(328.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:48am on January 13th, 2012.

(329.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 13th, 2012, at approximately 10:48 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(330.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 13th, 2012.

(331.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 13th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(332.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 13th, 2012, and served to proximately cause him emotional distress and mental anguish.

(333.) On or about January 14th, 2012, at approximately 8:34 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(334.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:34 am on January 14th, 2012.

(335.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 14th, 2012, at approximately 8:34 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(336.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 14th, 2012.

(337.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(338.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(339.) On or about January 16th, 2012, at approximately 12:25 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(340.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:25 pm on January 16th, 2012.

(341.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 16th, 2012, at approximately 12:25 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(342.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 16th, 2012.

(343.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 16th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(344.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 16th, 2012, and served to proximately cause him emotional distress and mental anguish.

(345.) On or about January 19th, 2012, at approximately 9:55 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(346.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:55 am on January 19th, 2012.

(347.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 19th, 2012, at approximately 9:55 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(348.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 19th, 2012.

(349.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(350.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 19th, 2012, and served to proximately cause him emotional distress and mental anguish.

(351.) On or about January 21st, 2012, at approximately 10:31 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(352.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:31 am on January 21st, 2012.

(353.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 21st, 2012, at approximately 10:31 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(354.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 21st, 2012.

(355.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 21st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(356.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 21st, 2012, and served to proximately cause him emotional distress and mental anguish.

(357.)  On or about January 24th, 2012, at approximately  2:05 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(358.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:05 pm on January 24th, 2012.

(359.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 24th, 2012, at approximately  2:05 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(360.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 24th, 2012.

(361.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 24th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(362.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 24th, 2012, and served to proximately cause him emotional distress and mental anguish.

(363.) On or about January 26th, 2012, at approximately 2:45 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(364.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:45 pm on January 26th, 2012.

(365.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 26th, 2012, at approximately 2:45 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(366.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 26th, 2012.

(367.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 26th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(368.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 26th, 2012, and served to proximately cause him emotional distress and mental anguish.

(369.) On or about January 27th, 2012, at approximately 10:54 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(370.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:54 am on January 27th, 2012.

(371.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 27th, 2012, at approximately 10:54 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(372.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 27th, 2012.

(373.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 27th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(374.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 27th, 2012, and served to proximately cause him emotional distress and mental anguish.

(375.) On or about January 28th, 2012, at approximately 9:29 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(376.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:29 am on January 28th, 2012.

(377.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 28th, 2012, at approximately 9:29 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(378.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 28th, 2012.

(379.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 28th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(380.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 28th, 2012, and served to proximately cause him emotional distress and mental anguish.

(381.)  On or about January 30th, 2012, at approximately 4:00 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(382.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*,  at approximately 4:00 pm on January 30th, 2012.

(383 .)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 30th, 2012, at approximately 4:00 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(384.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47*, *Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 30th, 2012.

(385.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 30th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(386.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 30th, 2012, and served to proximately cause him emotional distress and mental anguish.

(387.)  On or about January 31st, 2012, at approximately 12:23 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(388.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:23 pm on January 31st, 2012.

(389.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about January 31st, 2012, at approximately 12:23 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(390.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about January 31st, 2012.

(391.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about January 31st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(392.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about January 31st, 2012, and served to proximately cause him emotional distress and mental anguish.

(393.) On or about February 1st, 2012, at approximately 3:33 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(394.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:33 pm on February 1st, 2012.

(395.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 1st, 2012, at approximately 3:33 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(396.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 1st, 2012.

(397.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 1st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(398.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 1st, 2012, and served to proximately cause him emotional distress and mental anguish.

(399.) On or about February 3rd, 2012, at approximately, 8:53 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(400.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:53 am on February 3rd, 2012.

(401.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 3rd, 2012, at approximately 8:53 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(402.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 3rd, 2012.

(403.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 3rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(404.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 3rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(405.) On or about February 7th, 2012, at approximately 10:55 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(406.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:55 am on February 7th, 2012.

(407.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 7th, 2012, at approximately 10:55 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(408.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 7th, 2012.

(409.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 7th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(410.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 7th, 2012, and served to proximately cause him emotional distress and mental anguish.

(411.)  On or about February 9th, 2012, at approximately 11:14 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(412.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:14 am on February 9th, 2012.

(413.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 9th, 2012, at approximately 11:14 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(414.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 9th, 2012.

(415.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 9th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(416.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 9th, 2012, and served to proximately cause him emotional distress and mental anguish.

(417.) On or about February 10th, 2012, at approximately 11:22 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(418.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:22 am on February 10th, 2012.

(419.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 10th, 2012, at approximately 11:22 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(420.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 10th, 2012.

(421.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 10th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(422.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 10th, 2012, and served to proximately cause him emotional distress and mental anguish.

(423.)  On or about February 13th, 2012, at approximately 5:14 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(424.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 5:14 pm on February 13th, 2012.

(425.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 13th, 2012, at approximately 5:14 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(426.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 13th, 2012.

(427.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 13th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(428.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 13th, 2012, and served to proximately cause him emotional distress and mental anguish.

(429.)  On or about February 15th, 2012, at approximately 9:18 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(430.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:18 am on February 15th, 2012.

(431.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 15th, 2012, at approximately 9:18 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(432.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 15th, 2012.

(433.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 15th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(434.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 15th, 2012, and served to proximately cause him emotional distress and mental anguish.

(435.) On or about February 16th, 2012, at approximately  9:32 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(436.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:32 am on February 16th, 2012.

(437.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 16th, 2012, at approximately  9:32 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(438.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 16th, 2012.

(439.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 16th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(440.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 16th, 2012, and served to proximately cause him emotional distress and mental anguish.

(441.)  On or about February 17th, 2012, at approximately  3:36 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(442.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:36 pm on February 17th, 2012.

(443.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 17th, 2012, at approximately  3:36 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(444.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 17th, 2012.

(445.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 17th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(446.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 17th, 2012, and served to proximately cause him emotional distress and mental anguish.

(447.)  On or about February 18th, 2012, at approximately  9:14 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(448.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:14 am on February 18th, 2012.

(449.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 18th, 2012, at approximately  9:14 am was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(450.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 18th, 2012.

(451.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 18th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(452.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 18th, 2012, and served to proximately cause him emotional distress and mental anguish.

(453.)  On or about  February 20th, 2012, at approximately  12:35 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(454.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:35 pm on February 20th, 2012.

(455.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 20th, 2012, at approximately  12:35 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(456.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 20th, 2012.

(457.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 20th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(458.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 20th, 2012, and served to proximately cause him emotional distress and mental anguish.

(459.) On or about February 23rd, 2012, at approximately 8:20 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(460.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:20 am on February 23rd, 2012.

(461.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 23rd, 2012, at approximately 8:20 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(462.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 23rd, 2012.

(463.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 23rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(464.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 23rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(465.) On or about February 24th, 2012, at approximately 2:01 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(466.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:01 pm on February 24th, 2012.

(467.)   Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 24th, 2012, at approximately 2:01 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(468.)   Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 24th, 2012.

(469.)   Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 24th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(470.)   The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 24th, 2012, and served to proximately cause him emotional distress and mental anguish.

(471.)   On or about February 25th, 2012, at approximately  8:46 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(472.)   Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:46 am on February 25th, 2012.

(473.)   Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 25th, 2012, at approximately  8:46 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(474.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 25th, 2012.

(475.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 25th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(476.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 25th, 2012, and served to proximately cause him emotional distress and mental anguish.

(477.)  On or about February 27th, 2012, at approximately  2:18 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(478.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:18 pm on February 27th, 2012.

(479.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 27th, 2012, at approximately  2:18 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(480.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 27th, 2012.

(481.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 27th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(482.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 27th, 2012, and served to proximately cause him emotional distress and mental anguish.

(483.)  On or about February 28th, 2012, at approximately  3:56 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(484.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:56 pm on February 28th, 2012.

(485.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 28th, 2012, at approximately  3:56 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(486.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 28th, 2012.

(487.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  February 28th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(488.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 28th, 2012, and served to proximately cause him emotional distress and mental anguish.

(489.)  On or about February 29th, 2012, at approximately  11:50 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(490.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:50 am on February 29th, 2012.

(491.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about February 29th, 2012, at approximately 11:50 am, was a communication as defined under the provisions of the *FDCPA*, *15 U.S.C. § 1692a(2)*.

(492.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47*, *Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about February 29th, 2012.

(493.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about February 29th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(494.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about February 29th, 2012, and served to proximately cause him emotional distress and mental anguish.

(495.) On or about March 1st, 2012, at approximately 10:30 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(496.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:30 am on March 1st, 2012.

(497.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 1st, 2012, at approximately 10:30 am, was a communication as defined under the provisions of the *FDCPA*, *15 U.S.C. § 1692a(2)*.

(498.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47*, *Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 1st, 2012.

(499.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 1st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(500.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 1st, 2012, and served to proximately cause him emotional distress and mental anguish.

(501.) On or about March 2nd, 2012, at approximately 1:06 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(502.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:06 pm on March 2nd, 2012.

(503.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 2nd, 2012, at approximately 1:06 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(504.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 2nd, 2012.

(505.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  March 2nd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(506.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 2nd, 2012, and served to proximately cause him emotional distress and mental anguish.

(507.) On or about March 3rd, 2012, at approximately 9:21 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(508.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:21 am on March 3rd, 2012.

(509.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 3rd, 2012, at approximately 9:21 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(510.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 3rd, 2012.

(511.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 3rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(512.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 3rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(513.) On or about March 5th, 2012, at approximately 12:38 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(514.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:38 pm on March 5th, 2012.

(515.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 5th, 2012, at approximately 12:38 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(516.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 5th, 2012.

(517.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 5th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(518.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 5th, 2012, and served to proximately cause him emotional distress and mental anguish.

(519.) On or about March 7th, 2012, at approximately 3:24 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(520.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:24 pm on March 7th, 2012.

(521.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 7th, 2012, at approximately 3:24 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(522.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 7th, 2012.

(523.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 7th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(524.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 7th, 2012, and served to proximately cause him emotional distress and mental anguish.

(525.) On or about March 9th, 2012, at approximately 10:07 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(526.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:07 am on March 9th, 2012.

(527.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 9th, 2012, at approximately 10:07 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(528.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 9th, 2012.

(529.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  March 9th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(530.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 9th, 2012, and served to proximately cause him emotional distress and mental anguish.

(531.) On or about March 10th, 2012, at approximately 10:16 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(532.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:16 am on March 10th, 2012.

(533.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 10th, 2012, at approximately 10:16 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(534.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 10th, 2012.

(535.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  March 10th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(536.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 10th, 2012, and served to proximately cause him emotional distress and mental anguish.

(537.) On or about March 12th, 2012, at approximately 2:59 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(538.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*,  at approximately 2:59 pm on March 12th, 2012.

(539.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 12th, 2012, at approximately 2:59 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(540.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 12th, 2012.

(541.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  March 12th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(542.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 12th, 2012, and served to proximately cause him emotional distress and mental anguish.

(543.)  On or about March 14th, 2012, at approximately 6:39 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(544.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 6:39 pm on March 14th, 2012.

(545.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 14th, 2012, at approximately 6:39 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(546.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 14th, 2012.

(547.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  March 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(548.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(549.)  On or about March 15th, 2012, at approximately 10:00 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(550.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:00 am on March 15th, 2012.

(551.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 15th, 2012, at approximately 10:00 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(552.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 15th, 2012.

(553.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 15th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(554.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about March 15th, 2012, and served to proximately cause him emotional distress and mental anguish.

(555.) On or about March 19th, 2012, at approximately 3:46 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(556.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:46 pm on March 19th, 2012.

(557.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about March 19th, 2012, at approximately 3:46 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(558.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about March 19th, 2012.

(559.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about March 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(646.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:05 am on April 14th, 2012.

(647.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 14th, 2012, at approximately 10:05 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(648.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 14th, 2012.

(649.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(650.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(651.) On or about April 16th, 2012, at approximately 10:58 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(652.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:58 am on April 16th, 2012.

(653.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 16th, 2012, at approximately 10:58 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(654.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 16th, 2012.

(655.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 16th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(656.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 16th, 2012, and served to proximately cause him emotional distress and mental anguish.

(657.) On or about April 17th, 2012, at approximately 12:07 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(658.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:07 pm on April 17th, 2012.

(659.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 17th, 2012, at approximately 12:07 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(660.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 17th, 2012.

(661.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 17th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(662.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 17th, 2012, and served to proximately cause him emotional distress and mental anguish.

(663.) On or about April 19th, 2012, at approximately 1:48 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(664.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:48 pm on April 19th, 2012.

(665.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 19th, 2012, at approximately 1:48 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(666.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 19th, 2012.

(667.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(668.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 19th, 2012, and served to proximately cause him emotional distress and mental anguish.

(669.) On or about April 21st, 2012, at approximately 9:18 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(670.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:18 am on April 21st, 2012.

(671.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 21st, 2012, at approximately 9:18 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(672.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 21st, 2012.

(673.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 21st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(674.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 21st, 2012, and served to proximately cause him emotional distress and mental anguish.

(675.) On or about April 24th, 2012, at approximately 9:42 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(676.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:42 am on April 24th, 2012.

(677.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 24th, 2012, at approximately 9:42 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(678.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 24th, 2012.

(679.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 24th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(680.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 24th, 2012, and served to proximately cause him emotional distress and mental anguish.

(681.)  On or about April 25th, 2012, at approximately 10:03 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(682.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:03 am on April 25th, 2012.

(683.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 25th, 2012, at approximately 10:03 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(684.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 25th, 2012.

(685.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  April 25th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(686.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 25th, 2012, and served to proximately cause him emotional distress and mental anguish.

(687.)  On or about April 26th, 2012, at approximately 4:29 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(688.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 4:29 am on April 26th, 2012.

(689.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 26th, 2012, at approximately 4:29 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(690.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 26th, 2012.

(691.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  April 26th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(692.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 26th, 2012, and served to proximately cause him emotional distress and mental anguish.

(693.) On or about April 30th, 2012, at approximately 2:26 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(694.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:26 pm on April 30th, 2012.

(695.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about April 30th, 2012, at approximately 2:26 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(696.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about April 30th, 2012.

(697.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about April 30th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(698.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about April 30th, 2012, and served to proximately cause him emotional distress and mental anguish.

(699.) On or about May 1st, 2012, at approximately 2:17 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(700.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:17 pm on May 1st, 2012.

(701.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 1st, 2012, at approximately 2:17 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(702.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 1st, 2012.

(703.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 1st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(704.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 1st, 2012, and served to proximately cause him emotional distress and mental anguish.

(705.) On or about May 2nd, 2012, at approximately 3:16 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The

caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(706.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:16 pm on May 2nd, 2012.

(707.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 2nd, 2012, at approximately 3:16 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(708.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 2nd, 2012.

(709.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  May 2nd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(710.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 2nd, 2012, and served to proximately cause him emotional distress and mental anguish.

(711.)  On or about May 7th, 2012, at approximately 12:23 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(712.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:23 pm on May 7th, 2012.

(713.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 7th, 2012, at approximately 12:23 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(714.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 7th, 2012.

(715.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  May 7th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(716.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 7th, 2012, and served to proximately cause him emotional distress and mental anguish.

(717.) On or about May 9th, 2012, at approximately 9:42 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(718.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:42 am on May 9th, 2012.

(719.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 9th, 2012, at approximately 9:42 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(720.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 9th, 2012.

(721.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  May 9th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(722.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 9th, 2012, and served to proximately cause him emotional distress and mental anguish.

(723.) On or about May 10th, 2012, at approximately 8:20 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(724.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:20 am on May 10th, 2012.

(725.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 10th, 2012, at approximately 8:20 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(726.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 10th, 2012.

(727.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 10th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(728.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 10th, 2012, and served to proximately cause him emotional distress and mental anguish.

(729.) On or about May 11th, 2012, at approximately 11:40 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(730.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:40 am on May 11th, 2012.

(731.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 11th, 2012, at approximately 11:40 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(732.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 11th, 2012.

(733.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 11th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(734.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 11th, 2012, and served to proximately cause him emotional distress and mental anguish.

(735.) On or about May 14th, 2012, at approximately 9:36 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(736.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:36 am on May 14th, 2012.

(737.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 14th, 2012, at approximately 9:36 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(738.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 14th, 2012.

(739.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(740.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(741.)  On or about May 16th, 2012, at approximately 10:31 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(742.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:31 am on May 16th, 2012.

(743.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 16th, 2012, at approximately 10:31 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(744.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 16th, 2012.

(745.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 16th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(746.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 16th, 2012, and served to proximately cause him emotional distress and mental anguish.

(747.)  On or about May 18th, 2012, at approximately 3:03 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(748.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:03 pm on May 18th, 2012.

(749.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 18th, 2012, at approximately 3:03 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(750.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 18th, 2012.

(751.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  May 18th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(752.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 18th, 2012, and served to proximately cause him emotional distress and mental anguish.

(753.)  On or about May 19th, 2012, at approximately 10:40 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(754.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:40 am on May 19th, 2012.

(755.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 19th, 2012, at approximately 10:40 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(756.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 19th, 2012.

(757.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(758.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 19th, 2012, and served to proximately cause him emotional distress and mental anguish.

(759.) On or about May 21st, 2012, at approximately 1:13 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(760.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:13 pm on May 21st, 2012.

(761.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 21st, 2012, at approximately 1:13 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(762.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 21st, 2012.

(763.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 21st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(764.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 21st, 2012, and served to proximately cause him emotional distress and mental anguish.

(765.) On or about May 22nd, 2012, Plaintiff mailed a cease and desist letter to Defendant NCO Financial Systems, 507 Prudential Road, Horsham, Pennsylvania 19044, via U.S. Postal Service certified mail with return receipt [No. 7008 0500 0000 3270 1544]. A true copy of

Plaintiff's cease and desist letter is attached to this complaint as "Plaintiff's Exhibit - 2."  A true copy the certified mail receipt is attached to this complaint as "Plaintiff's Exhibit - 3."

(766.) On or about May 24th, 2012, at approximately 9:47 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(767.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:47 am on May 24th, 2012.

(768.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 24th, 2012, at approximately 9:47 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(769.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 24th, 2012.

(770.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 24th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(771.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 24th, 2012, and served to proximately cause him emotional distress and mental anguish.

(772.) On or about May 24th, 2012, Defendant NCO Financial Systems received Plaintiff's cease and desist letter as identified above in item # 618 of this complaint.  A true copy of the signed return receipt and U.S. Postal Tracking information sheet are attached to this complaint as "Plaintiff's Exhibit - 4."

(773.) Defendant NCO, upon its acknowledged May 24th, 2012 receipt of Plaintiff's cease and desist communications letter, was required pursuant to Section 805 (c) of the *FDCPA, 15 U.S.C. § 1692(c)*, not to communicate further with the Plaintiff with respect to such debt.

(774.) Defendant NCO did violate Section 805 (c) of the *FDCPA, 15 U.S.C. § 1692(c)*, by attempting to communicate with Plaintiff after receiving his cease and desist communication on May 24th, 2012.

(775.) Defendant NCO, upon its acknowledged May 24th, 2012 receipt of Plaintiff's cease and desist communications letter, was required pursuant to Section 809(a) of the *FDCPA, 15 U.S.C. § 1692(g)*, to provide Plaintiff within five (5) days a written notice containing the amount of the debt; the name of the creditor to whom the debt was owed; a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the debt collector; a statement that if the Plaintiff notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the debt collector; and a statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

(776.) Defendant NCO did violate Section 809(a) of the *FDCPA, 15 U.S.C. § 1692(g)*, by failing to provide Plaintiff within five (5) days after receiving Plaintiff's cease and desist communication on May 24th, 2012 with a written notice containing the amount of the debt; the name of the creditor to whom the debt was owed; a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the debt collector; a statement that if the Plaintiff notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector would obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the debt collector; and a statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

(777.) Defendant NCO , upon its acknowledged May 24th, 2012 receipt of Plaintiff's cease and desist communications letter, was required pursuant to Section 806(5) of the *FDCPA, 15 U.S.C. § 1692(d)*, to not engage in any conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt which included, but was not

limited to, causing a telephone to ring or engaging any person in Plaintiff's residence in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff or any person at the called number.

(778.) Defendant NCO did violate Section 806(5) of the *FDCPA, 15 U.S.C. § 1692(d)*, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff after receiving Plaintiff's cease and desist communication on May 24th, 2012, by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff or any person at the called number.

(779.) On or about May 28th, 2012, at approximately 4:12 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(780.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately  4:12 pm on May 28th, 2012.

(781.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 28th, 2012, at approximately 4:12 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(782.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 28th, 2012.

(783.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  May 28th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(784.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 28th, 2012, and served to proximately cause him emotional distress and mental anguish.

(785.) On or about May 29th, 2012, at approximately 9:55 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(786.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:55 am on May 29th, 2012.

(787.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 29th, 2012, at approximately 9:55 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(788.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 29th, 2012.

(789.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 29th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(790.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 29th, 2012, and served to proximately cause him emotional distress and mental anguish.

(791.) On or about May 30th, 2012, at approximately 9:45 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(792.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:45 am on May 30th, 2012.

(793.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about May 30th, 2012, at approximately 9:45 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(794.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about May 30th, 2012.

(795.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about May 30th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(796.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about May 30th, 2012, and served to proximately cause him emotional distress and mental anguish.

(797.) On or about June 4th, 2012, Plaintiff received a response to his May 24th, 2012, letter from Jamal Hutchinson, a Consumer Affairs Representative for the Defendants, which asserted to being unable to "*locate the matter.... from the information provided.*" Defendants letter further stated NCO Financial Systems required further identifying information such as Plaintiff's social security number; names of Plaintiff's original creditor's; and a list of all creditor account numbers. A true copy of Defendants response letter, dated May 31st, 2012, is attached to this complaint as "Plaintiff's Exhibit - 5."

(798.) On or about June 1st, 2012, at approximately 3:42 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(799.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:42 pm on June 1st, 2012.

(800.) Defendant NCO's pre-recorded message left on Plaintiff's voicemail system on or about June 1st, 2012, at approximately 3:42 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(801.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 1st, 2012.

(802.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 1st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(803.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 1st, 2012, and served to proximately cause him emotional distress and mental anguish.

(804.) On or about June 4th, 2012, at approximately 12:27 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(805.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:27 pm on June 4th, 2012.

(806.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 4th, 2012, at approximately 12:27 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(807.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 4th, 2012.

(808.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 4th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(809.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 4th, 2012, and served to proximately cause him emotional distress and mental anguish.

(810.) On or about June 6th, 2012, at approximately 11:54 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(811.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:54 am on June 6th, 2012.

(812.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 6th, 2012, at approximately 11:54 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(813.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 6th, 2012.

(814.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 6th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(815.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 6th, 2012, and served to proximately cause him emotional distress and mental anguish.

(816.) On or about June 7th, 2012, at approximately 8:10 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(817.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:10 am on June 7th, 2012.

(818.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 7th, 2012, at approximately 8:10 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(819.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 7th, 2012.

(820.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  June 7th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(821.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 7th, 2012, and served to proximately cause him emotional distress and mental anguish.

(822.)  On or about June 8th, 2012, at approximately 2:14 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(823.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:14 pm on June 8th, 2012.

(824.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 8th, 2012, at approximately 2:14 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(825.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 8th, 2012.

(826.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  June 8th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(827.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 8th, 2012, and served to proximately cause him emotional distress and mental anguish.

(828.) On or about June 13th, 2012, at approximately 10:25 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(829.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:25 am on June 13th, 2012.

(830.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 13th, 2012, at approximately 10:25 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(831.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 13th, 2012.

(832.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 13th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(833.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 13th, 2012, and served to proximately cause him emotional distress and mental anguish.

(834.) On or about June 14th, 2012, at approximately 10:46 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(835.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:46 am on June 14th, 2012.

(836.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 14th, 2012, at approximately 10:46 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(837.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 14th, 2012.

(838.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(839.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(840.) On or about June 15th, 2012, at approximately 10:03 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(841.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:03 am on June 15th, 2012.

(842.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 15th, 2012, at approximately 10:03 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(843.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 15th, 2012.

(844.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 15th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(845.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 15th, 2012, and served to proximately cause him emotional distress and mental anguish.

(846.)  On or about June 18th, 2012, at approximately 2:44 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(847.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:44 pm on June 18th, 2012.

(848.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 18th, 2012, at approximately 2:44 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(849.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 18th, 2012.

(850.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  June 18th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(851.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 18th, 2012, and served to proximately cause him emotional distress and mental anguish.

(852.)  On or about June 19th, 2012, at approximately 2:36 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(853.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 2:36 pm on June 19th, 2012.

(854.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 19th, 2012, at approximately 2:36 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(855.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 19th, 2012.

(856.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  June 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(857.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 19th, 2012, and served to proximately cause him emotional distress and mental anguish.

(858.)  On or about June 21st, 2012, at approximately 10:14 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(859.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:14 am on June 21st, 2012.

(860.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 21st, 2012, at approximately 10:14 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(861.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations,* with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 21st, 2012.

(862.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 21st, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(863.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 21st, 2012, and served to proximately cause him emotional distress and mental anguish.

(864.) On or about June 23rd, 2012, at approximately 8:32 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(865.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:32 am on June 23rd, 2012.

(866.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 23rd, 2012, at approximately 8:32 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(867.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 23rd, 2012.

(868.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 23rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(869.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 23rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(870.) On or about June 26th, 2012, at approximately 9:47 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(871.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:47 am on June 26th, 2012.

(872.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 26th, 2012, at approximately 9:47 am was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(873.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 26th, 2012.

(874.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 26th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(875.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 26th, 2012, and served to proximately cause him emotional distress and mental anguish.

(876.)  On or about June 27th, 2012, at approximately 10:02 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(877.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:02 am on June 27th, 2012.

(878.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 27th, 2012, at approximately 10:02 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(879.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 27th, 2012.

(880.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 27th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(881.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 27th, 2012, and served to proximately cause him emotional distress and mental anguish.

(882.) On or about June 28th, 2012, at approximately 8:55 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(883.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 8:55 am on June 28th, 2012.

(884.) Defendant NCO's pre-recorded message left on Plaintiff's voicemail system on or about June 28th, 2012, at approximately 8:55 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(885.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 28th, 2012.

(886.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 28th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(887.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 28th, 2012, and served to proximately cause him emotional distress and mental anguish.

(888.) On or about June 30th, 2012, at approximately 9:06 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(889.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:06 am on June 30th, 2012.

(890.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about June 30th, 2012, at approximately 9:06 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(891.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about June 30th, 2012.

(892.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about June 30th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(893.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about June 30th, 2012, and served to proximately cause him emotional distress and mental anguish.

(894.) On or about July 2nd, 2012, at approximately 10:09 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(895.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:09 am on July 2nd, 2012.

(896.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 2nd, 2012, at approximately 10:09 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(897.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 2nd, 2012.

(898.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 2nd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(899.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 2nd, 2012, and served to proximately cause him emotional distress and mental anguish.

(900.) On or about July 5th, 2012, at approximately 9:18 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(901.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:18 am on July 5th, 2012.

(902.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 5th, 2012, at approximately 9:18 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(903.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 5th, 2012.

(904.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 5th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(905.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 5th, 2012, and served to proximately cause him emotional distress and mental anguish.

(906.)  On or about July 9th, 2012, at approximately 12:31 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(907.)  Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:31 pm on July 9th, 2012.

(908.)  Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 9th, 2012, at approximately 12:31 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(909.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 9th, 2012.

(910.)  Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 9th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(911.)  The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 9th, 2012, and served to proximately cause him emotional distress and mental anguish.

(912.)  On or about July 11th, 2012, at approximately 10:03 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(913.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:03 am on July 11th, 2012.

(914.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 11th, 2012, at approximately 10:03 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(915.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 11th, 2012.

(916.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 11th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(917.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 11th, 2012, and served to proximately cause him emotional distress and mental anguish.

(918.) On or about July 13th, 2012, at approximately 9:55 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(919.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 9:55 am on July 13th, 2012.

(920.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 13th, 2012, at approximately 9:55 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(921.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 13th, 2012.

(922.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 13th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(923.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 13th, 2012, and served to proximately cause him emotional distress and mental anguish.

(924.) On or about July 16th, 2012,  at approximately 12:21 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(925.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:21 pm on July 16th, 2012.

(926.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 16th, 2012,  at approximately 12:21 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(927.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 16th, 2012.

(928.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 16th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(929.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 16th, 2012, and served to proximately cause him emotional distress and mental anguish.

(930.) On or about July 19th, 2012, at approximately 4:41 pm,  Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(931.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 4:41 pm on July 19th, 2012.

(932.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 19th, 2012, at approximately 4:41 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(933.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 19th, 2012.

(934.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 19th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(935.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 19th, 2012, and served to proximately cause him emotional distress and mental anguish.

(936.) On or about on July 23rd, 2012, at approximately 1:50 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(937.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 1:50 pm on July 23rd, 2012.

(938.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 23rd, 2012, at approximately 1:50 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(939.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 23rd, 2012.

(940.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 23rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(941.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 23rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(942.) On or about July 24th, 2012, at approximately 3:10 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(943.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 3:10 pm on July 24th, 2012.

(944.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 24th, 2012, at approximately 3:10 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(945.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 24th, 2012.

(946.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about July 24th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(947.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 24th, 2012, and served to proximately cause him emotional distress and mental anguish.

(948.) On or about July 26th, 2012, at approximately 10:20 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(949.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately10:20 am on July 26th, 2012.

(950.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about July 26th, 2012, at approximately 10:20 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(951.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about July 26th, 2012.

(952.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  July 26th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(953.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about July 26th, 2012, and served to proximately cause him emotional distress and mental anguish.

(954.) On or about August 3rd, 2012, at approximately 11:03 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(955.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:03 am on August 3rd, 2012.

(956.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 3rd, 2012, at approximately 11:03 am, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(957.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 3rd, 2012.

(958.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 3rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(959.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 3rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(960.) On or about August 6th, 2012, at approximately 6:56 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(961.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 6:56 pm on August 6th, 2012.

(962.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 6th, 2012, at approximately 6:56 pm, was a communication as defined under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(963.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 6th, 2012.

(964.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 6th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(965.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 6th, 2012, and served to proximately cause him emotional distress and mental anguish.

(966.) On or about August 8th, 2012, at approximately 10:59 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(967.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:59 am on August 8th, 2012.

(968.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 8th, 2012, at approximately 10:59 am, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(969.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 8th, 2012.

(970.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about August 8th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(971.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 8th, 2012, and served to proximately cause him emotional distress and mental anguish.

(972.) On or about August 14th, 2012, at approximately 4:15 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(973.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 4:15 pm on August 14th, 2012.

(974.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 14th, 2012, at approximately 4:15 pm, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(975.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 14th, 2012.

(976.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 14th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(977.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 14th, 2012, and served to proximately cause him emotional distress and mental anguish.

(978.) On or about August 15th, 2012, at approximately 11:05 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(979.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 11:05 am on August 15th, 2012.

(980.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 15th, 2012, at approximately 11:05 am, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(981.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 15th, 2012.

(982.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 15th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system.

(983.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 15th, 2012, and served to proximately cause him emotional distress and mental anguish.

(984.) On or about August 17th, 2012, at approximately 12:23 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(985.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 12:23 pm on August 17th, 2012.

(986.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 17th, 2012, at approximately 12:23 pm, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(987.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 17th, 2012.

(988.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 17th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system

(989.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 17th, 2012, and served to proximately cause him emotional distress and mental anguish.

(990.) On or about August 20th, 2012, at approximately 5:31 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail

system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(991.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 5:31 pm on August 20th, 2012.

(992.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 20th, 2012, at approximately 5:31 pm, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(993.) Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 20th, 2012.

(994.) Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about  August 20th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system

(995.) The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 20th, 2012, and served to proximately cause him emotional distress and mental anguish.

(996.) On or about August 23rd, 2012, at approximately 10:30 am, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(997.) Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 10:30 pm on August 23rd, 2012.

(998.) Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 23rd, 2012, at approximately 10:30 am, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2).*

(999.)  Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 23rd, 2012.

(1000.)        Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about August 23rd, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system

(1001.)        The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or about August 23rd, 2012, and served to proximately cause him emotional distress and mental anguish.

(1002.)        On or about August 28th, 2012, at approximately 5:11 pm, Defendants, acting through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers contacted Plaintiff utilizing an automated telephone dialing system to leave a pre-recorded message on Plaintiff's voicemail system. The caller ID system connected with Plaintiff's telephone disclosed the entity responsible for the calls as "MCO Financial."

(1003.)        Defendant NCO falsified the caller identifying information required by the *TCPA* in order to disguise the purpose of its call, in violation of Section 807(10) of the *TCPA*, at approximately 5:11 pm on August 28th, 2012.

(1004.)        Defendant NCO's a pre-recorded message left on Plaintiff's voicemail system on or about August 28th, 2012, at approximately 5:11 pm, was a communication as defined by under the provisions of the *FDCPA, 15 U.S.C. § 1692a(2)*.

(1005.)        Plaintiff did not have an established business relationship, as defined in Section 64.1200 of *Title 47, Code of Federal Regulations*, with Defendant NCO Financial Systems, Inc., Horsham, Pennsylvania 19044, on or about August 28th, 2012.

(1006.)        Plaintiff did not give Defendant NCO prior express consent to call Plaintiff's residential telephone line on or about August 28th, 2012 and use an artificial or prerecorded voice to deliver a message to Plaintiff's voicemail system

(1007.)        The use of automated or prerecorded telephone calls, regardless of the content or the initiator of the message, was a nuisance and an invasion of Plaintiff's privacy on or

about August 28th, 2012, and served to proximately cause him emotional distress and mental anguish.

## VI.                                   <u>Statement of Claims</u>.

(1008.)      Count I  of the Plaintiff's Complaint is based on the Defendant(s) violations of the *TCPA*, which commenced at approximately 9:58 am on or about October 31st, 2011, and has continued to the actual filing date of this complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1009.)      Count II of the Plaintiff's Complaint is based on the Defendant(s) violations of the *MTCPA*, which commenced at approximately 9:58 am on or about October 31st, 2011, and has continued to the actual filing date of this complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1010.)      Count III of the Plaintiff's Complaint is based on the Defendant(s) violations of the *FDCPA*, which commenced at approximately 9:58 am on or about October 31st, 2011, and has continued to the actual filing date of this complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1011.)      Count IV of the Plaintiff's Complaint is based on the Defendant(s) violation of the *MCDCA*, which commenced at approximately 9:58 am on or about October 31st, 2011, and has continued to the actual filing date of this complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1012.)      Count V of the Plaintiff's Complaint is based on the Defendant(s) 2nd subsequent repeat of the same violations of the *MCDCA*  at approximately 9:45 am on or about May 30th, 2012.

(1013.)      Count VI of the Plaintiff's Complaint is based on the Defendant(s) 3rd subsequent  repeat of the same violations of the *MCDCA*  at approximately 3:42 pm on or about June 1st, 2012.

(1014.)      Count VII of the Plaintiff's Complaint is based on the Defendant(s) 4th subsequent repeat of the same violations of the *MCDCA*  at approximately 12:27 pm on or about June 4th, 2012.

(1015.)      Count VIII of the Plaintiff's Complaint is based on the Defendant(s) 5th subsequent repeat of the same violations of the *MCDCA*  at approximately 11:54 am on or about June 6th, 2012.

(1016.)        Count IX of the Plaintiff's Complaint is based on the Defendant(s) 6th subsequent repeat of the same violations of the *MCDCA* at approximately 8:10 am on or about June 7th, 2012.

(1017.)        Count X of the Plaintiff's Complaint is based on the Defendant(s) 7th subsequent repeat of the same violations of the *MCDCA* at approximately 2:14 pm on or about June 8th, 2012.

(1018.)        Count XI of the Plaintiff's Complaint is based on the Defendant(s) 8th subsequent repeat of the same violations of the *MCDCA* at approximately 10:25 am on or about June 13th, 2012.

(1019.)        Count XII of the Plaintiff's Complaint is based on the Defendant(s) 9th subsequent repeat of the same violations of the *MCDCA* at approximately 10:46 am on or about June 14th, 2012.

(1020.)        Count XIII of the Plaintiff's Complaint is based on the Defendant(s) 10th subsequent repeat of the same violations of the *MCDCA* at approximately 10:03 am on or about June 15th, 2012.

(1021.)        Count XIV of the Plaintiff's Complaint is based on the Defendant(s) 11th subsequent repeat of the same violations of the *MCDCA* at approximately 2:44 pm on or about June 18th, 2012.

(1022.)        Count XV of the Plaintiff's Complaint is based on the Defendant(s) 12th subsequent repeat of the same violations of the *MCDCA* at approximately 2:36 pm on or about June 19th, 2012.

(1023.)        Count XVI of the Plaintiff's Complaint is based on the Defendant(s) 13th subsequent repeat of the same violations of the *MCDCA* at approximately 10:14 am on or about June 21st, 2012.

(1024.)        Count XVII of the Plaintiff's Complaint is based on the Defendant(s) 14th subsequent repeat of the same violations of the *MCDCA* at approximately 8:32 am on or about June 23rd, 2012.

(1025.)        Count XVIII of the Plaintiff's Complaint is based on the Defendant(s) 15th subsequent repeat of the same violations of the *MCDCA* at approximately 9:47 am on or about June 26th, 2012.

(1026.) Count XIX of the Plaintiff's Complaint is based on the Defendant(s) 16th subsequent repeat of the same violations of the *MCDCA* at approximately 10:02 am on or about June 27th, 2012.

(1027.) Count XX of the Plaintiff's Complaint is based on the Defendant(s) 17th subsequent repeat of the same violations of the *MCDCA* at approximately 8:55 am on or about June 28th, 2012.

(1028.) Count XXI of the Plaintiff's Complaint is based on the Defendant(s) 18th subsequent repeat of the same violations of the *MCDCA* at approximately 9:06 am on or about June 30th, 2012.

(1029.) Count XXII of the Plaintiff's Complaint is based on the Defendant(s) 19th subsequent repeat of the same violations of the *MCDCA* at approximately 10:09 am on or about July 2nd, 2012.

(1030.) Count XXIII of the Plaintiff's Complaint is based on the Defendant(s) 20th subsequent repeat of the same violations of the *MCDCA* at approximately 9:18 am on or about July 5th, 2012.

(1031.) Count XXIV of the Plaintiff's Complaint is based on the Defendant(s) 21st subsequent repeat of the same violations of the *MCDCA* at approximately 12:31 pm on or about July 9th, 2012.

(1032.) Count XXV of the Plaintiff's Complaint is based on the Defendant(s) 22nd subsequent repeat of the same violations of the *MCDCA* at approximately 10:03 am on or about July 11th, 2012.

(1033.) Count XXVI of the Plaintiff's Complaint is based on the Defendant(s) 23rd subsequent repeat of the same violations of the *MCDCA* at approximately 9:55 am on or about July 13th, 2012.

(1034.) Count XXVII of the Plaintiff's Complaint is based on the Defendant(s) 24th subsequent repeat of the same violations of the *MCDCA* at approximately 12:21 pm on or about July 16th, 2012.

(1035.) Count XXVIII of the Plaintiff's Complaint is based on the Defendant(s) 25th subsequent repeat of the same violations of the *MCDCA* at approximately 1:50 pm on or about July 23rd, 2012.

(1036.)      Count XXIX of the Plaintiff's Complaint is based on the Defendant(s) 26th subsequent repeat of the same violations of the *MCDCA* at approximately 3:10 pm on or about July 24th, 2012,

(1037.)      Count XXX of the Plaintiff's Complaint is based on the Defendant(s) 27th subsequent repeat of the same violations of the *MCDCA* at approximately 10:20 am on or about July 26th, 2012

(1038.)      Count XXXI of the Plaintiff's Complaint is based on the Defendant(s) 28th subsequent repeat of the same violations of the *MCDCA* at approximately 11:03 am on or about August 3rd, 2012.

(1039.)      Count XXXII of the Plaintiff's Complaint is based on the Defendant(s) 29th subsequent repeat of the same violations of the *MCDCA* at approximately 6:56 pm on or about August 6th, 2012.

(1040.)      Count XXXIII of the Plaintiff's Complaint is based on the Defendant(s) 30th subsequent repeat of the same violations of the *MCDCA* at approximately 10:59 am on or about August 8th, 2012.

(1041.)      Count XXXIV of the Plaintiff's Complaint is based on the Defendant(s) 31st subsequent repeat of the same violations of the *MCDCA* at approximately 4:15 am on or about August 14th, 2012.

(1042.)      Count XXXV of the Plaintiff's Complaint is based on the Defendant(s) 32nd subsequent repeat of the same violations of the *MCDCA* at approximately 11:05 am on or about August 15th, 2012.

(1043 .)      Count XXXVI of the Plaintiff's Complaint is based on the Defendant(s) 33rd subsequent repeat of the same violations of the *MCDCA* at approximately 12:23 pm on or about August 17th, 2012.

(1044 .)      Count XXXVII of the Plaintiff's Complaint is based on the Defendant(s) 34th subsequent repeat of the same violations of the *MCDCA* at approximately 5:31 pm on or about August 20th, 2012.

(1045.)      Count XXXVIII of the Plaintiff's Complaint is based on the Defendant(s) 35th subsequent repeat of the same violations of the *MCDCA* at approximately 10:30 am on or about August 23rd, 2012.

(1046 .)      Count XXXIX of the Plaintiff's Complaint is based on the Defendant(s) 36th subsequent repeat of the same violations of the *MCDCA* at approximately 10:30 am on or about August 28th, 2012.

(1047.)      Count XL of the Plaintiff's Complaint is based on the Defendant(s) 2nd subsequent repeat of the same violations of the *FDCPA* at approximately 9:45 am on or about May 30th, 2012.

(1048.)      Count XLI of the Plaintiff's Complaint is based on the Defendant(s) 3rd subsequent repeat of the same violations of the *FDCPA* at approximately 3:42 pm on or about June 1st, 2012.

(1049.)      Count XLII of the Plaintiff's Complaint is based on the Defendant(s) 4th subsequent repeat of the same violations of the *FDCPA* at approximately 12:27 pm on or about June 4th, 2012.

(1050.)      Count XLIII of the Plaintiff's Complaint is based on the Defendant(s) 5th subsequent repeat of the same violations of the *FDCPA* at approximately 11:54 am on or about June 6th, 2012.

(1051.)      Count XLIV of the Plaintiff's Complaint is based on the Defendant(s) 6th subsequent repeat of the same violations of the *FDCPA* at approximately 8:10 am on or about June 7th, 2012.

(1052.)      Count XLV of the Plaintiff's Complaint is based on the Defendant(s) 7th subsequent repeat of the same violations of the *FDCPA* at approximately 2:14 pm on or about June 8th, 2012.

(1053.)      Count XLVI of the Plaintiff's Complaint is based on the Defendant(s) 8th subsequent repeat of the same violations of the *FDCPA* at approximately 10:25 am on or about June 13th, 2012.

(1054.)      Count XLVII of the Plaintiff's Complaint is based on the Defendant(s) 9th subsequent repeat of the same violations of the *FDCPA* at approximately 10:46 am on or about June 14th, 2012.

(1055.)      Count XLVIII of the Plaintiff's Complaint is based on the Defendant(s) 10th subsequent repeat of the same violations of the *FDCPA* at approximately 10:03 am on or about June 15th, 2012.

(1056.) Count XLIX of the Plaintiff's Complaint is based on the Defendant(s) 11th subsequent repeat of the same violations of the *FDCPA* at approximately 2:44 pm on or about June 18th, 2012.

(1057.) Count L of the Plaintiff's Complaint is based on the Defendant(s) 12th subsequent repeat of the same violations of the *FDCPA* at approximately 2:36 pm on or about June 19th, 2012.

(1058.) Count LI of the Plaintiff's Complaint is based on the Defendant(s) 13th subsequent repeat of the same violations of the *FDCPA* at approximately 10:14 am on or about June 21st, 2012.

(1059.) Count LII of the Plaintiff's Complaint is based on the Defendant(s) 14th subsequent repeat of the same violations of the *FDCPA* at approximately 8:32 am on or about June 23rd, 2012.

(1060.) Count LIII of the Plaintiff's Complaint is based on the Defendant(s) 15th subsequent repeat of the same violations of the *FDCPA* at approximately 9:47 am on or June 26th, 2012.

(1061.) Count LIV of the Plaintiff's Complaint is based on the Defendant(s) 16th subsequent repeat of the same violations of the *FDCPA* at approximately 10:02 am on or about June 27th, 2012.

(1062.) Count LV of the Plaintiff's Complaint is based on the Defendant(s) 17th subsequent repeat of the same violations of the *FDCPA* at approximately 8:55 am on or about June 28th, 2012.

(1063.) Count LVI of the Plaintiff's Complaint is based on the Defendant(s) 18th subsequent repeat of the same violations of the *FDCPA* at approximately 9:06 am on or about June 30th, 2012.

(1064.) Count LVII of the Plaintiff's Complaint is based on the Defendant(s) 19th subsequent repeat of the same violations of the *FDCPA* at approximately 10:09 am on or about July 2nd, 2012.

(1065.) Count LVIII of the Plaintiff's Complaint is based on the Defendant(s) 20th subsequent repeat of the same violations of the *FDCPA* at approximately 9:18 am on or about July 5th, 2012.

(1066.)        Count LIX of the Plaintiff's Complaint is based on the Defendant(s) 21st subsequent repeat of the same violations of the *FDCPA* at approximately 12:31 pm on or about July 9th, 2012.

(1067.)        Count LX of the Plaintiff's Complaint is based on the Defendant(s) 22nd subsequent repeat of the same violations of the *FDCPA* at approximately 10:03 am on or about July 11th, 2012.

(1068.)        Count LXI of the Plaintiff's Complaint is based on the Defendant(s) 23rd subsequent repeat of the same violations of the *FDCPA* at approximately 9:55 am on or about July 13th, 2012.

(1069.)        Count LXII of the Plaintiff's Complaint is based on the Defendant(s) subsequent 24th repeat of the same violations of the *FDCPA* at approximately 12:21 pm on or about July 16th, 2012.

(1070.)        Count LXIII of the Plaintiff's Complaint is based on the Defendant(s) subsequent 25th repeat of the same violations of the *FDCPA* at approximately 1:50 pm on or about July 23rd, 2012.

(1071.)        Count LXIV of the Plaintiff's Complaint is based on the Defendant(s) 26th subsequent repeat of the same violations of the *FDCPA*  at approximately 3:10 pm on or about July 24th, 2012.

(1072.)        Count LXV of the Plaintiff's Complaint is based on the Defendant(s) 27th subsequent  repeat of the same violations of the *FDCPA*  at approximately 10:20 am on or about July 26th, 2012.

(1073.)        Count LXVI of the Plaintiff's Complaint is based on the Defendant(s) 28th subsequent  repeat of the same violations of the *FDCPA*  at approximately 11:03 am on August 3rd, 2012

(1074.)        Count LXVII of the Plaintiff's Complaint is based on the Defendant(s) 29th subsequent  repeat of the same violations of the *FDCPA*  at approximately 6:56 pm on August 6th, 2012.

(1075.)        Count LXVIII of the Plaintiff's Complaint is based on the Defendant(s) 30th subsequent  repeat of the same violations of the *FDCPA*  at approximately 10:59 am on August 8th, 2012.

(1076.)       Count LXIX of the Plaintiff's Complaint is based on the Defendant(s) 31st subsequent repeat of the same violations of the *FDCPA* at approximately 4:15 pm on August 14th, 2012.

(1077.)       Count LXX of the Plaintiff's Complaint is based on the Defendant(s) 32nd subsequent repeat of the same violations of the *FDCPA* at approximately 11:05 am on August 15th, 2012.

(1078.)       Count LXXI of the Plaintiff's Complaint is based on the Defendant(s) 33rd subsequent repeat of the same violations of the *FDCPA* at approximately 12:23 pm on August 17th, 2012.

(1079.)       Count LXXII of the Plaintiff's Complaint is based on the Defendant(s) 34th subsequent repeat of the same violations of the *FDCPA* at approximately 5:31 pm on August 20th, 2012.

(1080.)       Count LXXIII of the Plaintiff's Complaint is based on the Defendant(s) 35th subsequent repeat of the same violations of the *FDCPA* at approximately 10:30 am on August 23rd, 2012.

(1081.)       Count LXXIV of the Plaintiff's Complaint is based on the Defendant(s) 36th subsequent repeat of the same violations of the *FDCPA* at approximately 5:11 am on August 28th, 2012.

(1082.)       Count LXXV of the Plaintiff's Complaint is based on the Defendant(s) subsequent repeat of the same violations of the *FDCPA* committed after the filing of this Complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1083.)       Count LXXVI of the Plaintiff's Complaint is based on the Defendant(s) subsequent repeat of the same violations of the *MCDCA* committed after the filing of this Complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1084.)       Count LXXVII of the Plaintiff's Complaint is based on the Defendant(s) subsequent repeat of the same violations of the *TCPA* committed after the filing of this Complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

(1085.)       Count LXXVIII of the Plaintiff's Complaint is based on the Defendant(s) subsequent repeat of the same violations of the *MTCPA* committed after the filing of this Complaint with the Clerk of the Court for the U.S. District Court, District of Maryland.

**WHEREFORE**, the Plaintiff, **MICHAEL KENNEDY**, respectfully requests judgment be entered against the Defendants, **NCO GROUP, INC.** and **NCO FINANCIAL SYSTEMS**, for the following:

**VII.**                                  **Relief Requested.**

### A. Monetary Settlement.

(1086.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:58 am on October 31st, 2011.

(1087.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 6:55 pm on November 2nd, 2011.

(1088.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:56 am on November 3rd, 2011.

(1089.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:43 am on November 10th, 2011.

(1090.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:07 pm on November 11th, 2011.

(1091.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:20 pm on November 14th, 2011.

(1092.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:47 pm on November 16th, 2011.

(1093.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 6:31 pm on November 17th, 2011.

(1094.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:35 am on November 18th, 2011.

(1095.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:48 am on November 19th, 2011.

(1096.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:29 am on November 23rd, 2011.

(1097.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:57 pm on November 25th, 2011.

(1098.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:59 pm on November 28th, 2011.

(1099.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:26 am on November 30th, 2011.

(1100.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 5:28 pm on December 1st, 2011.

(1101.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:25 am on December 2nd, 2011.

(1102.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:51 pm on December 7th, 2011.

(1103.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:16 pm on December 8th, 2011.

(1104.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:50 pm on December 9th, 2011.

(1105.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:44 am on December 12th, 2011.

(1106.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:40 pm on December 13th, 2011.

(1107.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 7:00 pm on December 14th, 2011.

(1108.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:23 pm on December 15th, 2011.

(1109.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:32 pm on December 16th, 2011.

(1110.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:45 am on December 17th, 2011.

(1111.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:39 pm on December 19th, 2011.

(1112.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:13 pm on December 20th, 2011.

(1113.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:49 am on December 21st, 2011.

(1114.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:15 pm on December 22nd, 2011.

(1115.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:18 pm on December 23rd, 2011.

(1116.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:30 pm on December 27th, 2011.

(1117.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:43 am on December 28th, 2011.

(1118.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:43 am on December 29th, 2011.

(1119.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:19 pm on December 30th, 2011.

(1120.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:05 pm on January 3rd, 2012.

(1121.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:50 am on January 4th, 2012.

(1122.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 7:52 pm on January 5th, 2012.

(1123.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:06 pm on January 6th, 2012.

(1124.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:20 am on January 7th, 2012.

(1125.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:50 pm on January 9th, 2012.

(1126.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:19 am on January 11th, 2012.

(1127.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:48 am on January 13th, 2012.

(1128.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:34 am on January 14th, 2012.

(1129.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:25 pm on January 16th, 2012.

(1130.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:55 am on January 19th, 2012.

(1131.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:31 am on January 21st, 2012.

(1132.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:05 pm on January 23rd, 2012.

(1133.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:45 pm on January 26th, 2012.

(1134.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:54 am on January 27th, 2012.

(1135.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:29 am on January 28th, 2012.

(1136.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:00 pm on January 30th, 2012.

(1137.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:23 pm on January 31st, 2012.

(1138.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:33 pm, on February 1st, 2012.

(1139.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:53 am, on February 3rd, 2012.

(1140.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:55 am, on February 7th, 2012.

(1141.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:14 am, on February 9th, 2012.

(1142.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:22 am, on February 10th, 2012.

(1143.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 5:14 pm, on February 13th, 2012.

(1144.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:18 am on February 15th, 2012.

(1145.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:32 am on February 16th, 2012.

(1146.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:36 pm on February 17th, 2012.

(1147.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:14 am on February 18th, 2012.

(1148.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:35 pm on February 20th, 2012.

(1149.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:20 am on February 23rd, 2012.

(1150.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:01 pm on February 24th, 2012.

(1151.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:46 am on February 25th, 2012.

(1152.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:18 pm on February 27th, 2012.

(1153.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:56 pm on February 28th, 2012.

(1154.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:50 am on February 29th, 2012.

(1155.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:30 am on March 1st, 2012.

(1156.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:06 pm on March 2nd, 2012.

(1157.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:21 am on March 3rd, 2012.

(1158.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:38 pm on March 5th, 2012.

(1159.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:24 pm on March 7th, 2012.

(1160.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:07 am on March 9th, 2012.

(1161.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:16 am on March 10th, 2012.

(1162.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:59 pm on March 12th, 2012.

(1163.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 6:39 pm on March 14th, 2012.

(1164.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:00 am on March 15th, 2012.

(1165.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:46 pm on March 19th, 2012.

(1166.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:44 am on March 22nd, 2012.

(1167.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:05 am on March 23rd, 2012.

(1168.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:56 am on March 24th, 2012.

(1169.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 7:08 pm on March 26th, 2012.

(1170.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:41 pm on March 27th, 2012.

(1171.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:03 am on March 28th, 2012.

(1172.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:32 am on March 29th, 2012.

(1173.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:03 pm on April 2nd, 2012.

(1174.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:23 am on April 4th, 2012.

(1175.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:57 pm on April 5th, 2012.

(1176.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:52 am on April 6th, 2012.

(1177.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:18 pm on April 9th, 2012.

(1178.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 6:14 pm on April 12th, 2012.

(1179.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:23 pm on April 13th, 2012.

(1180.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:05 am on April 14th, 2012.

(1181.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:58 am on April 16th, 2012.

(1182.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:07 pm on April 17th, 2012.

(1183.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:48 pm on April 19th, 2012.

(1184.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:18 am on April 21st, 2012.

(1185.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:42 am on April 24th, 2012.

(1186.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:03 am on April 25th, 2012.

(1187.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:29 pm on April 26th, 2012.

(1188.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:26 pm on April 30th, 2012.

(1189.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 1st, 2012.

(1190.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 2nd, 2012.

(1191.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 7th, 2012.

(1192.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 9th, 2012.

(1193.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 10th, 2012.

(1194.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 11th, 2012.

(1195.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 14th, 2012.

(1196.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 16th, 2012.

(1197.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 18th, 2012.

(1198.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 19th, 2012.

(1199.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 21st, 2012.

(1200.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:47 am on May 24th, 2012.

(1201.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately on May 28th, 2012.

(1202.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:55 am on May 29th, 2012.

(1203.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:45 am on May 30th, 2012.

(1204.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:42 pm on June 1st, 2012.

(1205.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:27 pm on June 4th, 2012.

(1206.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:54 am on June 6th, 2012.

(1207.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:10 am on June 7th, 2012.

(1208.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:14 pm on June 8th, 2012.

(1209.)           Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:25 am on June 13th, 2012.

(1210.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:46 am on June 14th, 2012.

(1211.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:03 am on June 15th, 2012.

(1212.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:44 pm on June 18th, 2012.

(1213.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 2:36 pm on June 19th, 2012.

(1214.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:14 am on June 21st, 2012.

(1215.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:32 am on June 23rd, 2012.

(1216.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:47 am on June 26th, 2012.

(1217.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:02 am on June 27th, 2012.

(1218.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 8:55 am on June 28th, 2012.

(1219.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:06 am on June 30th, 2012.

(1220.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:09 am on July 2nd, 2012.

(1221.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:18 am on July 5th, 2012.

(1222.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:31 pm on July 9th, 2012

(1223.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:03 am on July 11th, 2012.

(1224.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 9:55 am on July 13th, 2012

(1225.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:21 pm on July 16th, 2012

(1226.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 1:50 pm on July 23rd, 2012

(1227.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 3:10 pm on July 24th, 2012.

(1228.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:03 am on August 3rd, 2012.

(1229.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 6:56 pm on August 6th, 2012.

(1230.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:59 am on August 8th, 2012.

(1231.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 4:15 pm on August 14th, 2012.

(1232.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 11:05 am on August 15th, 2012.

(1233.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 12:23 pm on August 17th, 2012.

(1234.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 5:31 pm on August 20th, 2012.

(1235.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 10:30 am on August 23rd, 2012.

(1236.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to § 227(B)(3)(B), for violation(s) of the *TCPA, 47 U.S.C. § 227*, committed at approximately 5:11 pm on August 28th, 2012.

(1237.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:58 am on October 31st, 2011.

(1238.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 6:55 pm on November 2nd, 2011.

(1239.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:56 am on November 3rd, 2011.

(1240.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:43 am on November 10th, 2011.

(1241.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA,*

*Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:07 pm on November 11th, 2011.

(1242.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:20 pm on November 14[th,] 2011.

(1243.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:47 pm on November 16th, 2011.

(1244.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 6:31 pm on November 17th, 2011.

(1245.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:35 am on November 18th, 2011.

(1246.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:48 am on November 19th, 2011.

(1247.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:29 am on November 23rd, 2011.

(1248.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:57 pm on November 25th, 2011.

(1249.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:59 pm on November 28th, 2011.

(1250.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:26 am on November 30th, 2011.

(1251.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 5:28 pm on December 1st, 2011.

(1252.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:25 am on December 2nd, 2011.

(1253.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:51 pm on December 7th, 2011.

(1254.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:16 pm on December 8th, 2011.

(1255.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:50 pm on December 9th, 2011.

(1256.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:44 am on December 12th, 2011.

(1257.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:40 pm on December 13th, 2011.

(1258.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 7:00 pm on December 14th, 2011.

(1259.) Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:23 pm on December 15th, 2011.

(1260.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:32 pm on December 16th, 2011.

(1261.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:45 am on December 17th, 2011.

(1262.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:39 pm on December 19th, 2011.

(1263.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:13 pm on December 20th, 2011.

(1264.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:49 am on December 21st, 2011.

(1265.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:15 pm on December 22nd, 2011.

(1266.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:18 pm on December 23rd, 2011.

(1267.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:30 pm on December 27th, 2011.

(1268.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:43 am on December 28th, 2011.

(1269.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:43 am on December 29th, 2011.

(1270.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:19 pm on December 30th, 2011.

(1271.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:05 pm on January 3rd, 2012.

(1272.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:50 am on January 4th, 2012.

(1273.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 7:52 pm on January 5th, 2012.

(1274.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:06 pm on January 6th, 2012.

(1275.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:20 am on January 7th, 2012.

(1276.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:50 pm on January 9th, 2012.

(1277.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:19 am on January 11ᵗʰ, 2012.

(1278.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:48 am on January 13ᵗʰ, 2012.

(1279.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:34 am on January 14ᵗʰ, 2012.

(1280.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:25 pm on January 16ᵗʰ, 2012.

(1281.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:55 am on January 19ᵗʰ, 2012.

(1282.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:31 am on January 21ˢᵗ, 2012.

(1283.)　　Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:05 pm on January 23rd, 2012.

(1284.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:45 pm on January 26th, 2012.

(1285.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:54 am on January 27th, 2012.

(1286.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:29 am on January 28th, 2012.

(1287.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:00 pm on January 30th, 2012.

(1288.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:23 pm on January 31st, 2012.

(1289.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:33 pm on February 1st, 2012.

(1290.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:53 on February 3rd, 2012.

(1291.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:56 am on February 7th, 2012.

(1292.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:14 am on February 9th, 2012.

(1293.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:22 am on February 10th, 2012.

(1294.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 5:14 pm on February 13th, 2012.

(1295.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:18 am on February 15th, 2012.

(1296.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:32 am on February 16th, 2012.

(1297.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:36 pm on February 17th, 2012.

(1298.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:14 am on February 18th, 2012.

(1299.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:35 pm on February 20th, 2012.

(1300.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:20 am on February 23rd, 2012.

(1301.)         Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:01 pm on February 24th, 2012.

(1302.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:46 am on February 25th, 2012.

(1303.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:18 pm on February 27th, 2012.

(1304.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:56 pm on February 28th, 2012.

(1305.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:50 am on February 29th, 2012.

(1306.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:30am on March 1st, 2012.

(1307.)       Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:06 pm on March 2nd , 2012.

(1308.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:21 am on March 3rd, 2012.

(1309.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:38 pm on March 5th , 2012.

(1310.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:24 pm on March 7th , 2012.

(1311.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:07 am on March 9th, 2012.

(1312.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:16 am on March 10th, 2012.

(1313.)          Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:59 pm on March 12th, 2012.

(1314.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 6:39 pm on March 14th, 2012.

(1315.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:00 am on March 15th, 2012.

(1316.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:46 pm on March 19th, 2012.

(1317.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:44 am on March 22nd, 2012.

(1318.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:05 am on March 23rd, 2012.

(1319.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:56 am on March 24th, 2012.

(1320.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 7:08 pm on March 26th, 2012.

(1321.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:41 pm on March 27th, 2012.

(1322.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:03 am on March 28th, 2012.

(1323.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:32 am on March 29th, 2012.

(1324.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:03 pm on April 2nd, 2012.

(1325.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:23 am on April 4th, 2012.

(1326.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:57 pm on April 5th, 2012.

(1327.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:52 am on April 6th, 2012.

(1328.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:18 pm on April 9th, 2012.

(1329.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 6:14 pm on April 12th, 2012.

(1330.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:23 pm on April 13th, 2012.

(1331.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:05 am on April 14th, 2012.

(1332.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:58 am on April 16th, 2012.

(1333.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:07 pm on April 17th, 2012.

(1334.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:48 pm on April 19th, 2012.

(1335.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:18 am on April 21st, 2012.

(1336.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:42 am on April 24th, 2012.

(1337.)     Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:03 am on April 25th, 2012.

(1338.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:29 pm on April 26th, 2012.

(1339.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:26 pm on April 30th, 2012.

(1340.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 1st, 2012.

(1341.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 2nd, 2012.

(1342.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 7th, 2012.

(1343.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 9th, 2012.

(1344.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA,*

*Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 10th, 2012.

(1345.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 11th, 2012.

(1346.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 14th, 2012.

(1347.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 16th, 2012.

(1348.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 18th, 2012.

(1349.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 19th, 2012.

(1350.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 21st, 2012.

(1351.)      Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:47 am on May 24th, 2012.

(1352.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately on May 28th, 2012.

(1353.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:55 am on May 29th, 2012.

(1354.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:45 am on May 30th, 2012.

(1355.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:42 pm on June 1st, 2012.

(1356.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:27 pm on June 4th, 2012.

(1357.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:54 am on June 6th, 2012.

(1358.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA,*

*Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:10 am on June 7th, 2012.

(1359.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:14 pm on June 8th, 2012.

(1360.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:25 am on June 13th, 2012.

(1361.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:46 am on June 14th, 2012.

(1362.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:03 am on June 15th, 2012.

(1363.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:44 pm on June 18th, 2012.

(1364.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 2:36 pm on June 19th, 2012.

(1365.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:14 am on June 21st, 2012.

(1366.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:32 am on June 23rd, 2012.

(1367.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:47 am on June 26th, 2012.

(1368.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:02 am on June 27th, 2012.

(1369.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 8:55 am on June 28th, 2012.

(1370.)        Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:06 am on June 30th, 2012.

(1371.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:09 am on July 2nd, 2012.

(1372.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:18 am on July 5th, 2012.

(1373.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:31 pm on July 9th, 2012

(1374.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:03 am on July 11th, 2012.

(1375.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 9:55 am on July 13th, 2012.

(1376.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:21 pm on July 16th, 2012.

(1377.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 1:50 pm on July 23rd, 2012.

(1378.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 3:10 pm on July 24th, 2012.

(1379.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:03 am on August 3rd, 2012.

(1380.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 6:56 pm on August 6th, 2012.

(1381.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:59 am on August 8th, 2012.

(1382.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md.*

*Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 4:15 pm on August 14th, 2012.

(1383.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 11:05 am on August 15th, 2012.

(1384.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 12:23 pm on August 17th, 2012.

(1385.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 5:31 pm on August 20th, 2012.

(1386.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 10:30 am on August 23rd, 2012.

(1387.)    Statutory damages in the amount of $500.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 14-3202 (b) (2) (i) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012), for violation(s) of the *MTCPA, Md. Commercial Law Code Ann. § 14-3202* (2012) committed at approximately 5:11 pm on August 28th, 2012.

(1388.)    Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants initial violation of the provisions of the *FDCPA, 15 U.S.C. § 1692 et seq.*

(1389.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (a), for Defendants initial violation of the *MCDCA, Md. Commercial Law Code Ann. §§ 13-410, 14-201, 14-3201,* and *14-3202.*

(1390.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 2nd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.,* at approximately 9:55 am on May 29th, 2012.

(1391.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 3rd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.,* at approximately 9:45 am on May 30th, 2012.

(1392.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 4th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 3:42 pm on June 1st, 2012.

(1393.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to for Section 813(a)(2)(A), for Defendants 5th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 12:27 pm on June 4th, 2012.

(1394.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 6th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 11:54 am on June 6th, 2012.

(1395.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to for Section 813(a)(2)(A), for Defendants 7th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 8:10 am on June 7th, 2012.

(1396.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 8th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.,* at approximately 2:14 pm on June 8th, 2012.

(1397.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 9th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 10:25 am on June 13th, 2012.

(1398.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 10th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 10:46 am on June 14th, 2012.

(1399.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 11th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 10:03 am on June 15th, 2012.

(1400.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 12th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,   at approximately 2:44 pm on June 18th, 2012.

(1401.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 13th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 2:36 pm on June 19th, 2012.

(1402.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 14th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 10:14 am on June 21st, 2012.

(1403.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 15th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,   at approximately 8:32 am on June 23rd, 2012.

(1404.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 16th subsequent

intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 9:47 am on June 26th, 2012.

(1405.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 17th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 10:02 am on June 27th, 2012.

(1406.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 18th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 8:55 am on June 28th, 2012.

(1407.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 19th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 9:06 am on June 30th, 2012.

(1408.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 20th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 10:09 am on July 2nd, 2012.

(1409.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 21st subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 9:18 am on July 5th, 2012.

(1410.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 22nd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 12:31 pm on July 9th, 2012.

(1411.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 813(a)(2)(A), for Defendants 23rd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately10:03 am on July 11th, 2012.

(1412.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 24th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 9:55 am on July 13th, 2012.

(1413.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 25th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately12:21 pm on July 16th, 2012.

(1414.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 26th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 4:41 pm on July 19th, 2012.

(1415.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 27th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 1:50 pm on July 23rd, 2012.

(1416.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 28th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 3:10 pm on July 24th, 2012.

(1417.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 29th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*,  at approximately 10:20 am on July 26th, 2012.

(1418.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 30th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 11:03 am on August 3rd, 2012.

(1419.)        Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 31st subsequent

intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 6:56 pm on August 6th, 2012.

(1420.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 32nd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 10:59 am on August 8th, 2012.

(1421.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 33rd subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 4:15 pm on August 14th, 2012.

(1422.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 34th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 12:23 pm on August 17th, 2012.

(1423.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 35th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 5:31 pm on August 20th, 2012.

(1424.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 36th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 10:30 am on August 23rd, 2012.

(1425.)          Statutory damages totaling $1,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 813(a)(2)(A), for Defendants 37th subsequent intentional violation of the *FDCPA, 15 U.S.C. § 1692 et seq.*, at approximately 5:11 pm on August 28th, 2012.

(1426.)          Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b) , for Defendants 2nd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:55 am on May 29th, 2012.

(1427.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 3rd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:45 am on May 30th, 2012.

(1428.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 4th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 3:42 pm on June 1st, 2012.

(1429.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 5th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 12:27 pm on June 4th, 2012.

(1430.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 6th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 11:54 am on June 6th, 2012.

(1431.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 7th subsequent violation of  the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 8:10 am on June 7th, 2012.

(1432.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 8th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 2:14 pm on June 8th, 2012.

(1433.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 9th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:25 am on June 13th, 2012.

(1434.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 10th subsequent

violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:46 am on June 14th, 2012.

(1435.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 11th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately at approximately 10:03 am on June 15th, 2012.

(1436.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 12th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 2:44 pm on June 18th, 2012.

(1437.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 13th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 2:36 pm on June 19th, 2012.

(1438.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 14th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:14 am on June 21st, 2012.

(1439.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 15th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 8:32 am on June 23rd, 2012.

(1440.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 16th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:47 am on June 26th, 2012.

(1441.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 17th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:02 am on June 27th, 2012.

(1442.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 18th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 8:55 am on June 28th, 2012.

(1443.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 19th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:06 am on June 30th, 2012.

(1444.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 20th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:09 am on July 2nd, 2012.

(1445.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 21st subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:18 am on July 5th, 2012.

(1446.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 22nd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 12:31 pm on July 9th, 2012

(1447.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 23rd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:03 am on July 11th,  2012.

(1448.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 24th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 9:55 am on July 13th,  2012.

(1449.)   Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 25th subsequent

violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 12:21 pm on July 16th, 2012.

(1450.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 26th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 1:50 pm on July 23rd, 2012,

(1451.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 27th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 3:10 pm on July 24th, 2012.

(1452.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 28th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:20 am on July 26th, 2012.

(1453.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 29th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 11:03 am on August 3rd, 2012.

(1454.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 30th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 6:56 pm on August 6th, 2012.

(1455.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 31st subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:59 am on August 8th, 2012.

(1456.)      Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems, pursuant to Section 13-410 (b), for Defendants 32nd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 4:15 pm on August 14th, 2012.

(1457.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 32nd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 12:23 pm on August 17th, 2012.

(1458.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 33rd subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 5:31 pm on August 20th, 2012.

(1459.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 34th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 10:30 am on August 23rd, 2012.

(1460.)        Statutory damages totaling $5,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 13-410 (b), for Defendants 35th subsequent violation of the *MCDCA, Md. Commercial Law Code Ann. § 13-410*, at approximately 5:11 pm on August 28th, 2012.

(1461.)        Statutory damages totaling an additional $151,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 227(b)(3)(c) of the *TCPA, 47 U.S.C. § 227*, which provides for award of treble damages at the discretion of the court.

(1462.)        Compensatory damages totaling $85,000.00 against Defendants NCO Group, Inc. and NCO Financial Systems,  pursuant to Section 203, for the invasion of Plaintiff's privacy and the infliction of emotional distress and mental anguish upon Plaintiff, without accompanying  physical  injury, by Defendants violations of the *FDCPA, 15 U.S.C. §1692 et seq.: MCDCA, Md. Commercial Law Code Ann. §§ 14-201* and *13-410; TCPA, 47 U.S.C. § 227 et seq.; and MTCPA, Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202.*

(1463.)        Any and all costs related to mileage, postage, and copying fees incurred by the Plaintiff relative to this action.

(1464.)        Costs and reasonable attorneys' fees,  ***if any***,  pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.; MCDCA, Md. Commercial Law Code Ann. §§ 14-201* and *13-410; TCPA, 47 U.S.C. § 227 et seq.; and MTCPA, Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202.*

(1465.)     Any other relief that this Honorable Court deems appropriate, just or proper.

## B. Injunctive Relief

(1466.)     Enjoin Defendants, their successors and assigns, and their officers, agents, servants, employees and representatives, and all persons in active concert or participation with any one or more of them who receive actual notice of this ORDER by personal service or otherwise, are hereby enjoined from violating, directly or through any corporation, subsidiary, division or other device, Section

### DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff, **MICHAEL KENNEDY**, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Michael E. Kennedy
Plaintiff, *pro se*

Dated this 4<u>th</u> day of September, 2012.

Michael E. Kennedy
33250 Old Ocean City Road
Parsonsburg, Maryland 21849
(443) 736-8555

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND   )
           )  ss:
COUNTY OF WICOMICO  )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.)  I am the Plaintiff in this civil proceeding.

2.)  I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.)  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.)  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.)  I have filed this Complaint in good faith and solely for the purposes set forth in it.

   Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL E. KENNEDY** , hereby declare under penalty of perjury that the foregoing is true and correct.

                  _____
                  Michael E. Kennedy
                  Plaintiff, *pro se*

Dated this <u>4th</u> day of September, 2012.

         Michael E. Kennedy
         33250 Old Ocean City Road
         Parsonsburg, Maryland 21849
         (443) 736-8555